## Sorrels v. Commonwealth.

(Decided January 19, 1923.)

### Appeal from Shelby Circuit Court.

1. Criminal Law—Failure of Defendant to Object to Evidence.— Where a defendant fails to object to the introduction of incompetent evidence by the Commonwealth, and does not move for its exclusion, he cannot take advantage of the error after judgment.

2. Criminal Law—Submission to Jury.—Where there is any evidence tending to support the indictment and to prove the guilt of the defendant the case is one for the jury.

CHAS. H. SANFORD for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Affirming.

From the judgment finding appellant Sorrels guilty of transporting intoxicating liquors, and fixing his punishment at a fine of $100.00 and thirty days in jail, he appeals, insisting that the judgment should be reversed because the trial court overruled his motion for a directed verdict in his favor. It is his contention that there was no competent evidence introduced by the Commonwealth sufficient to support the verdict, nor indeed enough to carry the case to the jury. While he admits that the police officer who arrested him found him transporting a keg of moonshine, he says that the officer unlawfully searched his automobile without a warrant so to do and that the evidence thus obtained was 'by reason of the unlawful manner of its obtention incompetent against him, and upon this is based his insistence that the trial court erred in not sustaining his motion for a directed verdict.

It is shown that the officer had no search warrant for the search of the automobile of appellant, or of the person of appellant, and that the officer could not and did not see the keg of whiskey in the car and did not know that the car, which was curtained, contained whiskey until he came up to it and looked over the back of the seat and saw and felt the keg which contained the liquor. The police officer testified concerning the arrest of appellant and the discovery of the liquor, telling in detail all that took place, including his search of the car and discovery of the liquor in the car, and what he did with it after he made the arrest of appellant. This evidence was not objected to by appellant nor did he enter a motion for its exclusion from the consideration of the jury.

Without passing upon the question of whether the officer acted beyond his rights in searching the car under the circumstances without a search warrant, it is manifest that appellant was not entitled to a directed verdict because there was abundant evidence in the record to establish the fact that he was transporting liquor in violation of law. The fact, if it were a fact, that the evidence was obtained in an unlawful manner, which would have rendered it inadmissible had appellant objected to its introduction, cannot avail appellant under the state of the record showing the absence of an objection to the evidence at the time it was offered. In case his objection had been overruled he should have excepted and thus presented the legal question of its incompetency; but not having done so he is in no position to complain of the admission and consideration of the evidence, even though it was obtained in an unlawful manner. 23 C. J., p. 39; 22 C. J., p. 192; Quinlan v. Commonwealth, 149 Ky. 476; Daniels v. Commonwealth, 181 Ky. 392; Wilson v. Commonwealth, 181 Ky. 370; Dukes v. Commonwealth, 196 Ky. 60.

In the case of Duke, *supra,* we expressly held that the failure of defendant to object to incompetent evidence, or on its admission to move for its exclusion, was a waiver of the right of appellant to object to its competency and consideration by the jury, and he could not, after judgment, take advantage thereof.

A motion for a directed verdict should not be sustained where there is evidence, as in this case, sufficient to sustain a conviction, even though such evidence be obtained through unlawful search, and for that reason is competent if the appellant fail to object to its introduc-

tion. Such a motion is merely a demurrer to the sufficiency of the evidence taken as a whole to carry the case to the jury and does not raise the question of inadmissibility of evidence. Nor does a motion for a peremptory instruction, we have written, raise the question of former jeopardy or former conviction. Fugate v. Commonwealth, 171 Ky. 227. If there be any evidence tending to establish the guilt of the defendant under our rule the case must be submitted to the jury. Pace v. Commonwealth, 170 Ky. 560; Carter v. Commonwealth, 131 Ky. 240; Lewis v. Commonwealth, 29 R. 642.

For the reasons indicated the judgment is affirmed.

Judgment affirmed.