## Elmore v. Commonwealth.

(Decided December 18, 1923.)

## Appeal from Edmonson Circuit Court.

Criminal Law—Request for Peremptory Instruction Does Not Raise Question of Admissibility of Evidence.—A request for a peremptory instruction challenges merely the sufficiency of the evidence and does not raise the question of admissibility, and, in the absence of objection and exception or motion to exclude, error in the admission of evidence obtained by an illegal search of defendant's person is not available on appeal.

B. M. VINCENT and M. M. LOGAN for appellant.

THOS. B. McGREGOR, Attorney General, and EDWARD L. ALLEN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

This is an appeal from a judgment convicting appellant of the unlawful possession of intoxicating liquor.

The ground on which a reversal is asked is that all the evidence tending to show appellant's guilt was obtained by an illegal search of his person. We have carefully examined the record and find that appellant did not object to the evidence complained of or move to exclude it. All that he did was to ask for a peremptory instruction. It is well settled that a request for a peremptory which challenges merely the sufficiency of the evidence will not raise the question of admissibility, and that, in the absence of objection and exception, or motion to exclude, error in the admission of evidence is not available on appeal. Sorrels v. Commonwealth, 197 Ky. 761, 248 S. W. 205.

Judgment affirmed.