### Bevins v. Commonwealth.

(Decided September 23, 1924.)

### Appeal from Pike Circuit Court.

1. Intoxicating Liquors—Whether Defendant had Unlawful Possession of Liquor Held for Jury.—Whether married woman admitting ownership of whiskey, part of which her husband gave to prosecuting witness, was guilty of unlawful possession, held for jury, though husband owned premises.

2. Husband and Wife—No Presumption of Coercion if Wife Committing Crime Conjointly with, or in Presence of, Husband.—Old common law rule that wife who commits crime conjointly with, or in presence of, her husband is presumed to have acted under coercion, is no longer in force.

ROSCOE VANOVER for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

Opinion of the Court by Judge Clay—Affirming.

Appellant, Edith Bevins, was convicted of the unlawful possession of intoxicating liquors. The prosecuting witness stated that he stopped at appellant's home to get a drink of whiskey. Appellant stated that she did not have any. He then started out of the door, when her husband called him back. He then saw a half gallon jar on the table and poured out two drinks. Appellant said the

whiskey was not hers. Appellant and the man of the house had the reputation of being married, but he did not know.

He further stated that he had heard it talked that appellant kept whiskey. Thereupon appellant asked for a peremptory, which was refused. She then took the stand and testified that she remembered the prosecuting witness being at the house. At that time she was a married woman and was living there with her husband. She did not have anything to do with letting the witness have the liquor, and that her husband owned and controlled the home. On cross-examination she was asked whose whiskey it was and said, "It was mine."

It is insisted that appellant was entitled to a peremptory instruction and also to an instruction submitting the question of coercion by her husband. Doubtless appellant would have been entitled to a peremptory if she had stood on her motion and not gone on the stand. But she went on the stand and testified that the whiskey was hers. This admission was sufficient to take the case to the jury and to overcome any presumption of possession by the husband growing out of his ownership of the premises.

But it is insisted that appellant was not liable because the offense was committed conjointly with, or in the presence of, her husband. The old common law rule that a wife who commits a crime conjointly with, or in the presence of, her husband, is presumed to have acted under his coercion is no longer in force in this state, King v. City of Owensboro, 187 Ky. 21, 218 S. W. 297, and there being no evidence that she acted under actual coercion, appellant was not entitled to a peremptory instruction, or to an instruction submitting the issue of coercion to the jury.

Judgment affirmed.