## Dotson v. Commonwealth.

(Decided October 3, 1924.)

### Appeal from Perry Circuit Court.

1.  Indictment and Information—On Demurrer to Warrant Charging Different Offenses, Court Properly Required Commonwealth to Elect.—Where defendant demurred to a warrant charging substantially all offenses enumerated in Rash-Gullion Act, it was proper for court to require Commonwealth to elect offense to be prosecuted instead of sustaining demurrer.

2.  Intoxicating Liquors—Allegation that Liquor was Not in Possession for Certain Purposes Unnecessary.—It was not necessary for warrant charging unlawful possession under Rash-Gullion Act to allege that possession was not for sacramental, medicinal, scientific, or mechanical purposes.

3.  Criminal Law—Immaterial that Jury had Warrant in Jury Room in Absence of Objection.—That jury had warrant in jury room was immaterial, where there was no objection upon part of accused; any error being waived.

4. Criminal Law—Assumed that Instruction was in Writing.—Where record shows copy of instruction, which transcript certifies was instruction given jury, it must be assumed that it was in writing.

5. Criminal Law—Error in Orally Instructing Jury Waived by Failure to Object.—Accused waived his right to require an instruction to be given in writing, where he failed to object to oral instruction.

6. Criminal Law—Complaint that Evidence Procured Without Search Warrant Not Considered, where no Objection Made to its Introduction.—Contention that evidence of guilt was procured without search warrant, in violation of defendant's constitutional rights, cannot be considered on apppeal, where he made no objection to any evidence offered during trial.

7. Criminal Law—Motion for Peremptory Instruction Goes Only to Sufficiency and Not Competency of Evidence.—Motion for peremptory instruction goes only to sufficiency and not to competency of evidence.

8. Criminal Law—Competency of Evidence Raised Only by Timely Objection or Motion to Exclude.—Competency of evidence can be raised only by timely objection or by motion to exclude.

9. Criminal Law—Judicial Notice Taken that Whiskey is Intoxicating.—Court will take judicial knowledge that whiskey is intoxicating liquor.

10. Intoxicating Liquors—Evidence Held Sufficient to Support Conviction for Unlawful Possession.—Evidence held sufficient to support conviction for unlawful possession.

11. Criminal Law—That Defendant's Witnesses Outnumbered Commonwealth Witnesses Immaterial.—That defendant's witnesses greatly outnumbered those testifying for Commonwealth does not alone authorize appellate court to hold evidence insufficient to support verdict of guilty.

DAUGHERTY & BARRETT for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE O'NEAL—Affirming.

On an appeal from the Pike quarterly court appellant was tried and convicted in the circuit court of the offense of unlawfully possessing intoxicating liquor, his punishment being fixed at a fine of $100.00 and thirty days' confinement in jail. He appeals.

It is first contended that the court erred in overruling the demurrer to the warrant. Appellant was arrested under a warrant charging him with substantially all the offenses enumerated in the statute against intoxicating liquors, commonly known as the Rash-Gullion Act.

Appellant demurred to the warrant, whereupon the court required the Commonwealth to elect which particular offense charged in the warrant would be prosecuted, and the Commonwealth elected to try the charge of unlawful possession. This procedure has been repeatedly upheld in this court and is no longer an open question. Vanover v. Commonwealth, 202 Ky. 813. Nor was it necessary for the warrant to allege, as appellant argues, that he did not have the intoxicating liquor in his possession for "sacramental, medicinal, scientific or mechanical purposes." Vanover v. Commonwealth, *supra*.

The appellant likewise complains of the fact that the jury were permitted to take into the jury room with them the warrant under which appellant was arrested and upon which was written the verdict of the jury upon the trial in the quarterly court. The record does not show that the jury had the warrant; it is true appellant's motion for a new trial contains the statement that such was the fact, but this is the only reference thereto, and the incident, if it occurred, was in no way called to the court's attention until the filing of the motion and grounds for a new trial. Whether the jury had the warrant in the jury room or not is immaterial, since there was no objection upon the part of the appellant; and if there was any error committed in this respect appellant waived it by his failure to object. Williams v. Commonwealth, 182 Ky. 711; Steele v. Commonwealth, 199 Ky. 670.

It is also contended that the court erred in instructing the jury orally in the absence of a waiver of written instruction by the appellant. We find in the record a copy of the instruction which the transcript of the record certifies was the instruction given the jury. We therefore assume that it was properly given, to-wit, in writing; but even if it be conceded that it was given orally, we fail to find any objection upon the part of the appellant, and failing to object, he waived his right to require the instruction to be given in writing. Allen v. Commonwealth, 148 Ky. 327; Mobile & Ohio Railway Co. v. Commonwealth, 122 Ky. 435.

At the conclusion of the evidence for the Commonwealth, the appellant moved for a peremptory instruction and he now complains of the failure of the court to sustain his motion. We find no merit in this contention.

Appellant argues that the evidence of his guilt was procured without a search warrant and in violation of his constitutional rights, and was therefore incompetent.

Even if this be true, which we do not concede, appellant cannot complain, since he made no objection to any evidence offered during the trial. A motion for a peremptory goes only to the sufficiency and not to the competency of evidence. Its competency can be raised only by timely objection or by motion to exclude. Mullins v. Commonwealth, 204 Ky. 445; Elmore v. Commonwealth, 201 Ky. 427.

It is also insisted that the peremptory should have been sustained for the reason that the warrant charged appellant with the offense of having intoxicating liquor in his possession, while the evidence showed only that he had whiskey in his possession and failed to show that the whiskey was intoxicating. We have heretofore held that the court would take judicial knowledge of the fact that whiskey is an intoxicating liquor, and therefore evidence that the defendant had whiskey in his possession was evidence of his possessing intoxicating liquor. Deer v. Commonwealth, 195 Ky. 761; Gourley v. Commonwealth, 140 Ky. 221.

It is further contended that the evidence is not sufficient to support the verdict of the jury. Two witnesses testified positively and unequivocally that they saw the defendant in Pike county on the first day of September, 1922, in possession of two pop bottles full of whiskey, and that he ran as they approached and threw the bottles away. Appellant denied the charge and introduced a number of witnesses who testified that he did not have such whiskey and that for various reasons they knew he had no liquor at the time and place mentioned by the witnesses for the Commonwealth. It is true that the appellant's witnesses greatly outnumbered those testifying for the Commonwealth, but that fact alone does not authorize this court to hold that the evidence was not sufficient to support the verdict of the jury. Baker v. Commonwealth, 200 Ky. 294. There was ample direct evidence of appellant's guilt, and while the weight of the evidence may have tended to prove his innocence, that was wholly a question for the jury, and the jury having found the appellant guilty, we see no reason to disturb their finding. Wherefore, the judgment is affirmed.

Judgment affirmed.