## Smith v. Commonwealth.

(Decided December 8, 1925.)

### Appeal from Campbell Circuit Court.

1. Criminal Law—In Absence of Objection to Testimony or Motion to Exclude it, its Competency will Not be Reviewed.—In absence of objection to introduction of testimony or motion to exclude it after it was introduced, its competency will not be considered on appeal.

2. Criminal Law—Conviction Not Disturbed as Obtained by Incompetent Evidence, Where no Objection was Made or Motion Made to Exclude it.—Though evidence was obtained by officer, who, upon observing can in defendant's car, and believing it to be intoxicating liquor, arrested defendant, conviction would not be disturbed, where no objection was made to the evidence or motion made to exclude it.

3. Criminal Law—Motion for a Directed Verdict Does Not Question Competency of Evidence.—Motion for directed verdict constitutes demurrer to sufficiency of evidence, but does not raise question of its competency.

4. Intoxicating Liquors—Evidence Held Sufficient to Sustain Conviction for Possession.—Evidence held sufficient to sustain conviction for having liquor in possession.

S. L. BLAKELY for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHARLES F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Appellant, Smith, was accused and convicted of the offense of having liquor in possession, and his fine fixed at $200.00, and he was adjudged to serve thirty (30) days in the county jail. Besides a trial in the police court he was twice tried in the circuit court, the penalty recited above being that inflicted upon the last trial.

He was driving an automboile in Newport on a Sunday morning when he was stopped by the chief of police, who demanded to know what was contained in a large can which he carried in the back of his automobile. After some hesitation the appellant answered, "moon," whereupon the officer went to the can, pulled out the stopper and smelled it, and said, "You are right," and turned appellant over to the patrol wagon to be taken to the police station. The officer testified he saw appellant going along the street and observing the can in his car and believing it contained intoxicating liquors, stepped out in the street almost in front of the car, raised his hand as a signal to appellant, exposed his officer's badge, and when appellant stopped asked him the question recited above. Appellant did not testify. The facts, therefore, are admitted. There was, however, no objection to the introduction of this evidence by appellant. He now insists, however, that the evidence obtained by the officer was incompetent and should have been excluded, but appellant made no such motion. It would seem, although we do not so decide, that the evidence was incompetent and if objection had been made and sustained, no error would have been committee by the court. However, we shall not deal with that question for it is not here. Suffice it to say that in the absence of objection to the introduction of the testimony and of motion to exclude it after it was introduced, appellant is in no position to complain that it was heard and considered by the court; nor is he now entitled to a reversal of the judgment on this state of the record. Although he made a motion for a directed verdict in his favor, this did not raise the question of the competency of the evidence. Dotson v. Commonwealth, 204 Ky. 658; Mullins v. Commonwealth, 204 Ky. 445; Elmore v. Commonwealth, 201 Ky. 427. A motion for a directed verdict is merely a demurrer to the sufficiency of the evidence to sustain the charge. The evidence introduced was sufficient to sustain the conviction. If, however, a motion to exclude the evidence showing the contents of the can had been made and sustained, the conviction could not have been sustained.

Judgment affirmed.