### Anderson (Ritter) v. Commonwealth.

(Decided December 8, 1925.)

### Appeal from Letcher Circuit Court.

1. Criminal Law—It is Duty of Court to Give Whole Law of Case in its Charge.—It is duty of court to give whole law of case in its charge.

2. Husband and Wife—Common-Law Presumption that Wife, Committing Offense in Presence of Husband, Acted in Obedience to His Commands, no Longer Applies.—Common-law rule that, if a wife committed an offense in the presence of her husband prima facie, she was not criminally liable, as it was presumed she acted in obedience to his commands, no longer applies.

3. Husband and Wife—Married Woman, Committing Crime Under Coercion of Husband, Not Liable for Act She was thus Constrained to do.—To constitute a crime there must be a criminal intent, and, if a married woman acts under the command and coercion of her husband, she is not liable criminally for what she was thus constrained to do.

4. Husband and Wife—Evidence Held to Require Charge that, if Defendant Got Whiskey at Command of Husband Under His Coercion and Compulsion, they should Find Her Not Guilty.—In a prosecution for the possession of intoxicating liquors, where defense was that defendant brought whiskey at her husband's command, evidence held to require an instruction by the judge that, if defendant got whiskey at the command of the husband and under his compulsion and coercion, they should find her not guilty.

JOE HALL for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHARLES F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Reversing.

Mrs. Ritter Anderson was indicted and tried for the offense of having in possession unlawfully spirituous, vinous and malt liquors. Other offenses were charged in the indictment, but the commonwealth elected to try her on this offense. On the trial two witnesses testified in substance that they went to the home of the defendant and bought some liquor of her and gave her the money for it; that she brought the liquor and gave it to them; that her husband, Reuben Anderson, was there at the time drunk and they and her husband drank the liquor. On the other hand the defendant testified that these witness came to her home; that her husband was drunk at the time; that one of the witnesses or both of them had some liquor and gave her husband some of it; that they and her husband drank together; that her husband had some whiskey and told her to go and bring it to them; that at the command of her husband she did go and get her husband's whiskey and set it down by them and the three drank of it; that she did not own the whiskey, had no interest in it, did not sell the witnesses any whiskey or receive any money for it; that her husband was drunk and when drunk was very quarrelsome and violent and she was afraid not to comply with his commands, and all she had to do with the whiskey was to

bring it at her husband's command and set it down to them. She then went away and left them drinking it. On this evidence the court gave the jury this instruction:

> "The court tells the jury that having whiskey in her hands or carrying it from one place in the room to another or to hand it to other parties, or setting it down to them, is unlawfully having it in her possession."

The jury found the defendant guilty and she appeals.

This was the only instruction given in the case except one following the words of the indictment and one on reasonable doubt. It is the duty of the court to give the whole law of the case. Under the proof the wife was entitled to an instruction presenting the defense stated in her testimony. The common law rule was that if a wife committed an offense in the presence of the husband, *prima facie* she was not criminally liable, as it was presumed she acted in obedience to his commands. This presumption no longer applies. King v. Owensboro, 187 Ky. 21; Bevins v. Com., 204 Ky. 444. But to constitute a crime there must be a criminal intent, and if a married woman acts under the command and coercion of her husband she is not criminally liable for what she is thus constrained to do. Under the evidence the court should have instructed the jury that if they believed from the evidence that the defendant went and got the whiskey at the command of her husband and that she did so under his compulsion or coercion, they should find her not guilty.

The rule on the subject is thus stated in 30 C. J., p. 791:

> "When a married woman commits a criminal act in her husband's presence, under his actual compulsion or coercion, she is not personally responsible, and after the fact of coercion in giving assistance to the husband has been established, the mere fact that the wife may be the more active in consummating the offense will not, as a matter of law, render her guilty."

To same effect see 13 R. C. L., p. 1237, and note to 4 A. L. R. 266.

Judgment reversed and cause remanded for a new trial.