## Bailey v. Commonwealth.

(Decided May 25, 1926.)

### Appeal from Knox Circuit Court.

1. Criminal Law—Refusal of Continuance in Prosecution for Possessing Liquor on Affidavits, that Absent Witnesses Would Testify that Some Fruit Jars Delivered to Accused had Contained Liquor Before Delivery, Held Not Prejudicial where Court Permitted Affidavits to be Read as Depositions.—Refusal of continuance in prosecution for possessing liquor on affidavits that witnesses would testify that 70 fruit jars had been delivered to accused and some had had liquor in them before delivery held not prejudicial, since facts alleged tended as strongly to show guilt as innocence, and court permitted affidavits to be read as depositions of absent witnesses.

2. Intoxicating Liquors—Proof that Officers, Under Search Warrant, Found Moonshine on Accused's Premises, and that his Reputation for Dealing in Such was Bad, Made Refusal of Peremptory Instruction for Accused in Prosecution for Possessing Intoxicating Liquor Proper.—Where Commonwealth proved that officers acting under valid search warrant, found fruit jars containing moonshine whiskey in room on accused's premises, and that his reputation for dealing in such whiskey was bad, his motion for peremptory instruction was properly denied.

3. Criminal Law.—Failure to give written instructions is waived, if no objection is made at the time.

J. J. TYE for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F. CREAL, Assistant Attorney General, for appellee.

Opinion of the Court by Judge Clay—Affirming.

This is an appeal from a judgment convicting appellant of possessing intoxicating liquor and fixing his punishment at a fine of $300.00 and 30 days' imprisonment in the county jail.

Error of the court in refusing a continuance is the first ground urged for reversal. The continuance was asked on account of the absence of the witnesses, George Brewner, Frank Brewner and Dick Smith. The affidavits alleged that if George Brewner and Frank Brewner were present they would testify that about six weeks before that time they brought 70 fruit jars from Wallins creek and left them at George Hammond's store at Girdler in Knox county for appellant; that in handling the jars they noticed that some of them had the odor of liquor, and that in some of them there might have been a small quantity of liquor which was full of dregs; that Dick Smith, if present, would testify that he hauled the 70 fruit jars from George Hammond's store to appellant's home; that some of the jars had had liquor in them, and that some contained a small quantity of dreggy liquid which had the odor of liquor. It is impossible to see how the evidence of these witnesses would have benefited appellant on the trial, even if they had been present. The custom of using fruit jars for the storage and sale of moonshine whiskey is so well known that their purchase in large quantities by one not engaged in putting up fruit, even though it is claimed that some of them had had liquor in them before their delivery, tends as strongly to show his guilt as his innocence of the crime of possessing intoxicating liquor. Therefore, in view of the character of the evidence, and of the court's action in permitting the affidavits to be read as the depositions of the absent witnesses, it is at once apparent that appellant's substantial rights were in no wise prejudiced by the refusal of the continuance.

As the Commonwealth proved without contradiction that certain officers, acting under a valid search warrant, searched appellant's premises and found in the only room that was locked two fruit jars, one of which, at least, contained moonshine whiskey, and that appellant's reputation for dealing in moonshine whiskey was bad, there is no merit in the contention that appellant's motion for a peremptory instruction should have been sustained.

Finally, it is insisted that the court erred in giving oral instructions to the jury. However, appellant did not object to the action of the court, and it is well settled that the failure to give written instructions in misdemeanor cases will be treated as waived if no objection is made at the time. Dotson v. Commonwealth, 204 Ky. 658, 265 S. W. 28.

Judgment affirmed.