## Wireman v. Commonwealth.

(Decided April 17, 1928.)

### Appeal from Magoffin Circuit Court.

1. Husband and Wife.—There is no presumption that married woman who commits crime conjointly with, or in presence of, her husband, acts under his coercion.

2. Husband and Wife.—In prosecution for killing of sister-in-law, evidence held not to necessitate instruction that accused acted under coercion of her husband.

3. Homicide.—In prosecution for killing of sister-in-law, where evidence for commonwealth indicated clear case of willful murder, while that for defendant tended to show that shooting was done in self-defense, court properly instructed jury as to law of willful murder, voluntary manslaughter, and justifiable homicide.

T. J. ARNETT for appellant.

J. W. CAMMACK, Attorney General, and GEORGE H. MITCHELL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Ida Wireman appeals from a conviction for the killing of her sister-in-law, Laura Wireman. She was sentenced to seven years and one day in the state penitentiary.

The only complaint presented on this appeal that properly arises on the record is that the court erred in failing to instruct the jury to the effect that, if the appellant, on the occasion when the offense was committed, acted under the coercion of her husband, she was entitled to an acquittal. Her husband was present when Laura Wireman was killed, and was jointly indicted, tried, and convicted with his wife and given the same sentence.

There is no presumption that a married woman, who commits a crime conjointly with, or in the presence of, her husband, acts under his coercion. The learning upon this subject is contained in the opinion of the court in King v. Ctiy of Owensboro, 187 Ky. 21, 218 S. W. 297, and need not be repeated. But it is urged that, notwithstanding the fact that no presumption of coercion arises, under such circumstances, nevertheless, an instruction to that effect should be given when warranted by the evidence. But there is no evidence disclosed by this record authorizing an instruction on the subject. There is testimony to the effect that Joe Wireman got a high-pow-

ered gun, loaded it, and gave it to his wife, but he did not direct her to use the gun or in any way solicit or compel her to commit the crime. Indeed, the same witness testified that Joe Wireman directed him to shoot in a tree to frighten Laura Wireman, so that she would not come near the house. Ida Wireman testifies that she did the shooting. She is corroborated by the dying declaration of Laura Wireman and by the testimony of several witnesses. There is not a suggestion or scintilla of evidence to necessitate an instruction on the ground that she acted under the coercion of her husband. It was not the duty of the court under those circumstances to give any instruction on the subject. Bevins v. Commonwealth, 204 Ky. 444, 264 S. W. 1063; Anderson v. Commonwealth, 211 Ky. 726, 277 S. W. 1009.

The evidence for the commonwealth indicated a clear case of willful murder, while that for the defendant tended to show that the shooting was done in self-defense. The court, therefore, properly instructed the jury as to the law of willful murder, voluntary manslaughter, and justifiable homicide. His instructions also submitted to the jury clearly and succinctly the law of self-defense. The instructions given are not complained of in any respect. They manifested the great care observed by the trial court to protect the rights of the commonwealth and the accused. No error appears in the record, and the evidence fully sustains the verdict of the jury.

The matters pressed upon us in brief for appellant, not shown by the record, if possessing any merit, must be addressed to another branch of the government where they properly can be considered.

Judgment affirmed.