THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* HAYDÉE MARRERO LEDESMA, Defendant and Appellant.

No. 13278. Argued November 1, 1948.—Decided November 17, 1948.

338

*Guillermo S. Pierluissi* for appellant. *Luis Negrón Fernández,
Attorney General,* and *J. Rivera Barreras, Prosecuting At-
torney,* for appellee.

MR. JUSTICE SNYDER delivered the opinion of the Court.

Haydée Marrero Ledesma was convicted in the municipal court of violating § 23 of Act No. 282, Laws of Puerto Rico, 1945, which provides that "Every establishment engaged in the . . . sale . . . of medicines . . . shall be managed personally by a duly registered pharmacist authorized to practice his profession in the island of Puerto Rico . . .". On appeal to the district court, she was again convicted and sentenced to pay a fine of $100 or to serve 90 days in jail.

The defendant contends first that the judgment is contrary to the testimony and the law. The testimony offered by the People shows that in 1946, as required by § 17 of Act No. 282, the defendant applied to the Board of Pharmacy for

a license to establish a pharmacy; that pursuant to § 23, the defendant named her husband, Tomás A. Velázquez Rodríguez, as the pharmacist who would personally manage the establishment; that the defendant's application was denied by the Board on the ground that the husband is not registered in the records of the Board as a pharmacist; that despite the refusal by the Board of her application, the defendant in 1947 was operating a pharmacy in Utuado and was displaying therein license No. 69 in the name of her husband which stated that it had been issued by the Board on July 15, 1914 and registered in Vol. I, p. 59; and that the records of the Board for 1910–1914 and 1914–1917 showed no license issued to the husband, but on the contrary showed that license No. 69 had been issued to another person, Antonio Rodríguez Nazario.

 The theory of the defendant on this error is that her husband is entitled to practice pharmacy in Puerto Rico. The parties in their briefs discuss extensively (1) the various statutes regulating the practice of pharmacy beginning in 1906 and culminating in Act No. 282 of 1945, and (2) the cases decided by this Court arising out of the fact that some pharmacy licenses were fraudulently issued in 1914. But we see no need of determining the effect, if any, of earlier statutes and cases on this proceeding. Here the issue is simple and is governed by Act No. 282, which has superseded all the earlier statutes.

 The record shows (1) that the husband is not a member of the College of Pharmacists and (2) that his name is not entered in the register of pharmacists of the Board. He is therefore not entitled to practice pharmacy in Puerto Rico by virtue of § 6 of Act No. 282.[1] If he feels aggrieved

---

[1] Section 6 reads as follows:

"No person who is not a member of the College of Pharmacists of Puerto Rico, and whose name is not entered in the register of pharmacists of the Board of Pharmacy, may hereafter practice the profession of pharmacist; *Provided*, That within the ninety (90) days following the approval of this Act, all persons who, on such date, are authorized to practice the

by the refusal of the College to admit him and the Board to register him, § 6 affords him a remedy. Meanwhile, until these agencies or this Court orders his registration, he is not entitled to take the law in his own hands and practice pharmacy.

■ The second assignment is that the lower court erred in overruling the contention that the defendant had acted under the threats, command or coercion of her husband, and therefore could not be convicted of the crime charged herein by virtue of § 39(9), Penal Code, 1937 ed., which reads as follows:

"All persons are capable of committing crimes except those belonging to the following classes:

"* * * * * * *

"Married women (except for felonies) acting under the threats, command, or coercion of their husbands. In case of felonies, however, the wife is not excused from punishment by reason of her subjection to the power of her husband, unless the facts proved show a case of duress;"

The defendant invokes the majority rule at common law that where a married woman commits certain crimes in the presence of her husband she is presumed to have acted under his coercion. Annotations, 4 A.L.R. 266, 271; 71 A.L.R. 1116, 1118. However, the testimony shows that the husband was not present when the inspector found the wife operating the establishment. In any event, this rule has not been embodied in our Penal Code. Section 39(a) does not provide for a presumption based on the presence of the husband. Whether he was present or not is therefore irrelevant. The question is whether the wife acted under his

profession of pharmacy under legislation in force, shall, upon the effectiveness of this Act, be entitled to registration in the register of pharmacy; *Provided,* That the Board of Pharmacy shall not enter in the registry, nor shall the College admit to membership, any person who has obtained his alleged right to exercise such profession through fraud; *And provided, finally,* That the decisions of the Board of Pharmacy and of the College of Pharmacists in these respects shall be appealable directly to the Supreme Court of Puerto Rico."

threat, command or coercion, irrespective of his presence or absence.

■ The defendant and her husband testified that the husband had imposed his will on the wife, and had threatened her with violence if she did not operate the establishment as he commanded. On the other hand, the district attorney testified on rebuttal that at the trial in the municipal court the wife had stated on cross-examination that her husband had never used threats or violence in connection with the matter herein but that "he used persuasion with her".

The district court found that the wife had not acted under threats or coercion of her husband. Apparently it gave no credence to the testimony of the defendant and her husband to that effect. We can find no basis for saying that the trial court was compelled to believe the testimony of the defendant on this point.

■ On the issue of whether the wife had acted under "command" of her husband, the district court said that the defendant "tries to interpret this phrase as that petition which a husband may make to his wife to do a certain act or not to do it. We understand that under the terms in which the Act is drawn, the word 'command' assumes something more, an imperative command, the imposition of the husband on the wife to do a certain thing. That has not been proved here. I understand that the testimony shows that you (addressing the wife) *voluntarily* carried on and administered a pharmacy, of which your husband was apparently the professional who bossed it." (Italics ours).

Several states have statutes like § 39(9). But we have found no cases which discuss the possible differences between "threats or coercion" as against "command". Annotations, 4 A.L.R. 266, 280–81; 71 A.L.R. 1116, 1125–26. See 7 Cal. Jur. § 19, p. 861; *People* v. *Worthington*, 38 P. 689, 691 (Cal., 1894). Indeed, many of the cases simply lump the three words together as though they were virtually synonyms. See 106 Am. St. Rep. 721, 726; *Anderson* v. *Com-*

monwealth, 277 S.W. 1008 (Ky., 1925); United States v. Terry, 42 Fed. 317 (Calif., 1890); State v. Renslow, 230 N.W. 316 (Iowa, 1930); Miller on Criminal Law, p. 142, note 19.

However, it cannot be gainsaid that "command" requires less pressure from a husband than "threats or coercion". But a word must be read in its context. We agree with the district court that in this statute "command" means something more than a request. If a husband merely "persuades" his wife to commit a crime, the decision is her own, for which she is criminally responsible. To invoke § 39(9), the wife must prove that she obeyed the imperative command of the husband and that she did not exercise her own judgment or will. She must show in effect that she acted involuntarily with her husband's command replacing her judgment or wishes.

█ The lower court found, on the basis of conflicting testimony, that the husband "persuaded" rather than "commanded" the wife and that she acted "voluntarily". There is nothing in the record to warrant our interference with this finding of fact. And under those facts § 39(9) affords no defense to the wife.

The judgment of the district court will be affirmed.