ED BRONAUGH v. COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 2—386.]

**Criminal Law—Hog Stealing.**

In a charge for hog stealing, notwithstanding the fact that none of the witnesses placed the value of the hogs at less than four dollars, the court should have instructed the jury as to what constitutes petit larceny and as to the circumstances under which they were authorized to find the accused guilty of that offense.

APPEAL FROM DAVIESS CIRCUIT COURT.

April 7, 1881.

OPINION BY JUDGE HARGIS:

The indictment charges the accused with the offense of stealing three hogs. The demurrer was filed, but a motion in arrest of judgment was made. As the indictment charges a public offense, the motion was properly overruled.

But the court should have instructed the jury as to what constitutes petit larceny, and as to the circumstances under which they were authorized to find the accused guilty of that offense, notwithstanding the fact that none of the witnesses placed the value of the hogs supposed to have been stolen at less than four dollars. This principle is established in the case of *Carter v. Commonwealth,* 11 Ky. Opin. 92.

While the witnesses may honestly give their opinion as to the value of the property alleged to have been stolen, yet its description or quality, and the knowledge common to all men, of such things, may justify a different opinion of its value from that expressed by the witnesses, and the jury will not be absolutely confined to their estimate in disregard of such means of information.

The name of the owner of the hogs, alleged in the indictment, is idem sonans with that proven, and the variance is not fatal. *Commonwealth v. Riley,* Thach. Cr. Cas. (Mass.) 67; *State v. Patterson,* 2 Ired. (N. Car.) 346; *Bates v. Starr,* 6 Ala. 697.

Wherefore the judgment is *reversed* and cause remanded with directions to award the appellant a new trial and for further proceedings consistent with this opinion.

*Joseph Haycraft, Baker & Boyd, for appellant.*

*P. W. Hardin, for appellee.*