## Saylor, et al. v. Commonwealth.

(Decided September 24, 1919.)

### Appeal from the Leslie Circuit Court.

Larceny—Instruction on Subject of Petit Larceny.—Under an indictment for grand larceny committed by stealing articles such as chickens, the value of which the jurors are familiar with, when under the evidence there is room for difference of opinion as to their value the jury need not accept as true the statements of witnesses but may bring to their assistance in arriving at the value of the property their own knowledge drawn from experience and observation, and in such cases an instruction on the subject of petit larceny should be given.

CLEON K. CALVERT for appellants.

CHARLES H MORRIS, Attorney General, and OVERTON S. HOGAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CARROLL—
Reversing.

Appellants were convicted under an indictment charging them with the offense of stealing chickens of the value of more than two dollars, which is made a felony by statute. On this appeal the only ground for reversal relied on is the failure of the trial court to instruct the jury on the subject of petit larceny, which is a misdemeanor. The court instructed the jury that if they believed from the evidence that the defendants stole chickens "of the value of two dollars or more" they should find them guilty of the felony charged in the indictment, but failed to give an instruction that if they believed the chickens were of less value than two dollars they should find the defendants guilty of petit larceny, which is a degree of the offense charged in the indictment, and fix their punishment at confinement in the county jail for the period named in the statute.

Whether an instruction on the subject of petit larceny should have been given depends on the evidence introduced as to the value of the chickens.

The prosecuting witness testified that the three hens stolen were worth "somewhere over two dollars;" that they were good sized hens such as had been selling around there at one dollar apiece; that he had sold some at a dollar. He also testified that one of the chickens was sick and worth something but not as much as a dollar; that he could have gotten a dollar apiece for the others if he had wanted to sell them.

Another witness testified that chickens were selling at a dollar apiece on the railroad a few miles from the place the hens were stolen, but in the neighborhood they could be bought for seventy-five cents apiece. Another witness said he had been selling hens in that neighborhood at seventy-five cents apiece but that he believed the hens stolen were worth two dollars on the market.

Under this evidence we think the jury should have been instructed that if they believed the hens were worth less than two dollars they might find the defendants guilty of petit larceny.

It is true that under the instruction given the jury could not find the defendants guilty unless they believed the hens were worth more than two dollars, but under this instruction, if the hens, in the opinion of the jury,

were worth less than two dollars they must acquit the defendants although they may have believed beyond a doubt that the defendants stole the hens. In view of the fact that the evidence was very convincing that the defendants stole the hens it is not unreasonable to assume that the jury, rather than acquit the defendants, were persuaded to find from the evidence that they were worth two dollars or more, while, if they could have punished the defendants for petit larceny they might have done so.

In cases like this, where the jurors are familiar from personal observation and common knowledge, with the value of property stolen, and there is reasonable room for difference of opinion as to the value, they need not accept as true the statements of witnesses, but may bring to their assistance in arriving at the value of the property their own knowledge drawn from experience and observation and reach a different conclusion from that expressed by the witnesses. Bronaugh v. Com., 2 Ky. Law Rep. 386; Carter v. Com., 2 Ky. Law Rep. 311; Wilhelm v. Com., 11 Ky. Law Rep. 431.

For the error in failing to instruct the jury on the subject of petit larceny the judgment is reversed and the case remanded for a new trial.