## Grigsby v. Commonwealth.

(Decided March 11, 1927.)

# Appeal from Brethitt Circuit Court.

Criminal Law—Evidence of Liquor Discovered by Search Without Warrant After Defendant's Son had Been Arrested Held Incompetent.—In prosecution for unlawful possession of liquor, evidence of liquor discovered in defendant's house by search without a warrant after his son had been placed under arrest for felony held incompetent.

SOUTH STRONG for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHARLES F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

The appellant, Sam Grigsby, was indicted in the Breathitt circuit court charged with the unlawful possession of liquor and, upon his trial, was found guilty and his punishment fixed at a fine of $100.00 and confinement in the county jail for thirty days.

It appears from the evidence, which is given in narrative form, that a number of officers went to appellant's home with a warrant for appellant's son, Alton Grigsby, charging him with a felony. They reached appellant's home about midnight and called him out of the house and informed him they had a warrant for the arrest of his son and asked him to call his son, which he did. Alton Grigsby later came out of the house and was placed under arrest. It appears that some of the officers searched the house and found some liquor under a bed in the room that had been occupied by Alton Grigsby. It also appears that the search for and discovery of the liquor was made after Alton Grigsby had left the house and had been placed under arrest.

Had the liquor been discovered while the officers were searching for Alton Grigsby or attempting to place him under arrest, it would have been competent to prove that it was found in appellant's home, but, as it is admitted the officers had no search warrant, it is quite clear that the search of appellant's home after Alton Grigsby had been placed under arrest was unwarranted and the evidence thereby disclosed was incompetent. The court erred in admitting this evidence, and with it excluded there was no evidence to authorize a submission of the

case to the jury and the court should have sustained appellant.'s motion for a directed verdict in his favor.

Wherefore, the appeal is granted and the judgment reversed, with directions to grant appellant a new trial and for further proceedings consistent herewith.