## Reed v. Commonwealth.

(Decided February 14, 1930.)

(As Modified, on Denial of Rehearing, March 21, 1930.)

STEPHENS L. BLAKELY and JOHN T. MURPHY for appellant.

J. W. CAMMACK, Attorney General, and DOUGLAS C. VEST for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

Appellant was convicted of the crime of grand larceny, sentenced to serve five years in the penitentiary, and appeals. As grounds for reversal, appellant contends, first, that he was entitled to an instruction on petit larceny, and, secondly, that the court erred in admitting certain testimony over his objection.

The crime for which appellant was convicted consisted of the theft of two automobile tires. The evidence shows that the tires which it is claimed appellant stole were balloon tires, size 33-600, and cost when newly bought from Sears-Roebuck & Co., $19.85 each. At the time these tires were stolen, one of them had been run for over 1,000 miles, and had had either a very bad puncture or a "blow out," for the casing had a large vulcanized place upon it. The other tire had been run about 50 miles, but it too had had to be vulcanized. Both tires were produced at the trial for the jury's inspection. The only evidence concerning the value of these tires at the time they were stolen was that given by the owner, and, although on direct examination he stated that they were worth $30, his cross-examination quickly developed that he knew nothing of the value of second-hand tires. Indeed, he very frankly stated that he did not know such value. The court instructed only on grand larceny.

In view of the unsatisfactory evidence concerning the value of these tires, and in view of the fact that the use and ownership of automobiles are now so widely spread, and that those who own machines have some idea as to values new and second hand of accessories, such as tires, and inasmuch as these tires, one of which at least had been severely used, were before the jury, which could very reasonably in the light of their condition have discounted considerably the value of them guessed at by the owner, for that is all his evidence amounts to, we are of the opinion that the court should

have instructed on the question of petit larceny. However, as appellant did not make the failure of the court to instruct on the whole law of the case a ground in his motion for a new trial, we cannot reverse this case for the failure of the court to so instruct. As the case must be reversed on the second ground relied upon, if the evidence as to value on the next trial be no stronger than that on the last, the court will instruct on the subject of petit larceny.

As to the second contention of the appellant that the court erred in admitting certain testimony which consisted of that of the sheriff who testified about finding these tires and where he found them. It seems as though this officer had a warrant for the arrest of the appellant on a charge of a felony other than the one here involved. He went to the appellant's house to arrest him, but did not find him there. He thereupon went out to a henhouse in the back yard to see if the appellant was hiding there. The door of this henhouse was open. The officer admits that it was quite plain to any one standing on the outside that the appellant was not hiding in the henhouse. There was some trash upon the floor, and before leaving the place the officer stepped inside and kicked the trash to one side, and thereupon discovered these tires which had been concealed by the trash. He had no search warrant for the premises. It is obvious that he had no right to make a search of the premises without a search warrant after he had found out the appellant was not in the henhouse, and hence his testimony concerning the finding of these tires and the place where they were found was not admissible. The point was expressly decided in Youman v. Commonwealth, 189 Ky. 152, 224 S. W. 860, 13·A. L. R. 1303. See, also, Grigsby v. Commonwealth, 218 Ky. 793, 292 S. W. 319. Cf. Commonwealth v. Phillips, 224 Ky. 117, 5 S. W. (2d) 887.

It is argued, however, that even if inadmissible, the admission of the testimony of this sheriff was not prejudicial, since there was other evidence unobjected to connecting the appellant with the possession of these tires after their theft. But those who testified about appellant having the possession of these tires were themselves under suspicion of being the thieves, and the jury might have discounted their testimony because of the belief that they were trying to shift the blame from themselves to the appellant. But all doubt was done away when the sheriff testified as he did. It is therefore obvious that

the admission of the sheriff's testimony was more than cumulative and was quite prejudicial.

It will not be necessary on the next trial for the court to instruct on the subject of accomplices if the evidence as to the witnesses Stang and Brooks is the same as it was on the first trial, since there was no evidence to connect these witnesses with the commission of this crime by the appellant, and hence they were not shown to be accomplices. Cook v. Commonwealth, 232 Ky. 613, 24 S. W. (2d) 269. Their testimony on the last trial was sufficient to carry the case to the jury.

For the reasons indicated, the judgment is reversed, with instructions to grant the appellant a new trial in conformity with this opinion.