## Taylor v. Commonwealth.

(Decided September 29, 1931.)

McCOY & NOBLE for appellant.

J. W. CAMMACK, Attorney General, for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Reversing.

The appellant, Roscoe Taylor, seeks the reversal of a judgment convicting him of the crime of stealing chickens of the value of $2 or more, covered by section 1201c, Kentucky Statutes.

The prosecuting witness, Mrs. Kate Watkins, testified that she had a yellow Plymouth Rock hen with blue tail feathers and nine little chickens which she missed on a certain Monday morning in June, 1930. On the following Wednesday, upon a pretext, she, accompanied by her daughter and a friend, visited the home of the appellant about a half mile away, and says that she recognized among the fowls at his home her hen and chickens. They were also identified by her daughter, and the friend testified that she saw a hen and chickens like those described by Mrs. Watkins. Through his mother-in-law, word was sent to the defendant that if he would return the fowls there would be nothing further done about it. The defendant promptly went to the home of Mrs. Watkins, and, denying his guilt, threatened to sue her because of the false accusation. It appears that there was quite a verbal clash between the parties. A few days thereafter, under a search warrant, an examination of the defendant's premises was made, but did not reveal the presence there of this particular hen and chickens.

The defendant proved by himself and other witnesses that he owned several yellow Plymouth Rock hens and some chickens. At all times he has insisted that some of them were those which Mrs. Watkins identified as being hers. There is a bit of evidence tending to show that between the time of Mrs. Watkins' visit to appellant's home and his return call upon her on Wednesday

there was a disturbance among the fowls at appellant's home, from which is drawn the conclusion of an immediate concealment or disposition of the stolen property. Also there was some evidence that he had made an offer of restitution at the time the search was being made. His general reputation was shown to be bad.

Concerning the value of the hen and chickens stolen as claimed, Mrs. Watkins testified that she had purchased the hen some time before and had raised the chickens, which were then four to six weeks old; that she valued the lot at $2.50, the hen at 75 cents and the chickens at 20 cents each, as baby chicks cost 15 cents at the hatchery, and she had fed these for six weeks; therefore considered them to be worth 5 cents more. This was the substance of all the testimony introduced respecting value. The defendant did not undertake to contradict it, for the reason, as stated in support of his motion for a new trial, that he had been unable to employ counsel until an hour before the trial, and consequently neither he nor his attorney had made preparation to refute any evidence which the commonwealth might offer respecting values.

Where the degree of the offense in larceny depends upon the value of the property stolen, it is to be arrived at by the jury from a consideration of all the facts and circumstances shown in the evidence. Allen v. Commonwealth, 148 Ky. 327, 146 S. W. 762. The evidence in this case is only the value or estimate of value placed upon the stolen fowls by the owner; and that is based, it would seem, upon what the witness understood was the price of baby chicks at some hatchery, although these had been hatched on her place. The value of the property is to be determined as of the time and place at which it was stolen, and this was in the country some fifteen miles out of London.

In Bronaugh v. Commonwealth, 2 Ky. Law Rep. 386, 11 Ky. Op. 137, on the trial of a charge of hog stealing, none of the witnesses placed the value of the hogs at less than $4, but it was held that the court should have given an instruction on petit larceny. We quote from the opinion:

"While the witnesses may honestly give their opinion as to the value of the property alleged to have been stolen, yet its description or quality, and the knowledge common to all men, of such things, may justify a different opinion of its value from that expressed by the witnesses, and the jury will

not be absolutely confined to their estimate in disregard of such means of information."

The evidence of the value of stolen chickens in Saylor v. Commonwealth, 185 Ky. 129, 214 S. W. 826, was more definite than that presented here. But the judgment was reversed because of the failure to instruct on petit larceny. The reason assigned was that, "in cases like this, where the jurors are familiar from personal observation and common knowledge with the value of property stolen, and there is reasonable room for difference of opinion as to the value, they need not accept as true the statements of witnesses, but may bring to their assistance in arriving at the value of the property their own knowledge, drawn from experience and observation, and reach a different conclusion from that expressed by the witnesses."

Upon a similar reason and because of the unsatisfactory evidence of value of some secondhand automobile tires, it was held error not to have given a petit larceny instruction in Reed v. Commonwealth, 233 Ky. 184, 25 S. W. (2d) 77.

Of course, if the uncontradicted evidence respecting value of stolen property is to the effect that it is much more than that which determines the degree of larceny, it is not necessary to give both instructions. Divine v. Commonwealth, 236 Ky. 579, 33 S. W. (2d) 627. But where the question is close and the evidence is vague and unsatisfactory, such as was presented here, the misdemeanor instruction ought to be given also, For failure to do so on the trial of this case, the judgment is reversed.