## Henson v. Commonwealth.

(Decided January 22, 1932.)

RAY C. LEWIS for appellant.

J. W. CAMMACK, Attorney General, and BASIL P. COOPER, for appellant.

OPINION OF THE COURT BY JUDGE REES—Affirming.

At the October, 1930, term of the Laurel circuit court, Daw Henson, Tip Martin, and Dan Smith were indicted for stealing chickens of the value of $2 or more, a crime defined by section 1201c, Kentucky Statutes. Before the filing of this indictment, Martin and Smith had been indicted in the Clay circuit court on the same charge. The chickens were stolen from Willie Martin, who resides in Laurel county near the Clay county line, and they were found in Tip Martin's possession in Clay county. Upon a showing that Tip Martin and Dan Smith had been indicted and arrested in Clay county, the indictment returned by the grand jury of Laurel county was dismissed as to them. At his trial the appellant, Daw Henson, was convicted and his punishment fixed at confinement in the penitentiary for a period of one year.

On this appeal it is insisted that the trial court should have sustained a demurrer to the indictment; that appellant's motion for a directed verdict of acquittal should have been sustained; that the verdict of the jury is palpably against the evidence; and that the court erred in failing to give an instruction on petit larceny.

No defect in the indictment as to form or substance is pointed out, and we find none, but it is suggested that the indictment should have been dismissed because it appeared that it was returned while a similar indictment was pending in the Clay circuit court against two of the defendants named in the indictment here in question. If a crime had been committed, it was committed in both Laurel and Clay counties. The chickens were stolen in Laurel county, and were taken in to Clay county, where they were found in the possession of one of the defendants named in the indictment. Appellant was not indicted in the Clay circuit court, but was indicted in the Laurel circuit court, and that court therefore had jurisdiction of the case.

On the night of August 10, 1930, a number of chickens owned by Willie Martin were stolen. Martin lived in Laurel county about one-half mile from the Clay county line. According to the evidence for the commonwealth, Yancy Thacker, a constable in Clay county, Matt Bundy, Sol. Saylor, and several other persons met Tip Martin, Dan Smith, and Daw Henson in Clay county about one mile from the home of Willie Martin at 1:30 o'clock in the morning of August 11, 1930. Martin,

Smith and Henson were riding on mules, Martin slightly in advance of the others. Thacker had in his possession warrants of arrest for a number of persons, including Tip Martin and Dan Smith. When he met appellant and his companions in the road, he ordered them to halt, whereupon Tip Martin threw away a sack which he was carrying and attempted to escape. He was arrested, and, when the sack was examined, it was found to contain a number of chickens, most of which were dead. The number of chickens found in the sack was fixed by the various witnesses at from 13 to 17. It was later learned that a number of chickens had been stolen from Willie Martin on that night, and one of the chickens which was still alive was taken to his home and identified by him as one that had been stolen. The other chickens found in the sack were the same kind of chickens which were described by Martin as having been stolen from him. Appellant and Dan Smith were riding mules owned by Tip Martin. Appellant testified that he had gone to Beckham Jones' store on the night the chickens were stolen to purchase groceries, and was returning to his home accompanied by Smith when they overtook Martin about 200 yards from the place where the latter was arrested and that he did not know Martin had any chickens in his possession. He admitted, however, that earlier in the evening he and Smith had ridden with Martin as far as Potter McFadden's, where Martin stopped. He and Smith went on to Beckham Jones' store, and he claims he had no engagement to meet Martin again that night, and that the later meeting was accidental. He testified that he and Smith left Jones' store about 9:30 o'clock on the evening of August 10, and that they met Thacker, Saylor, Bundy, and the others about 10 or 10:30 o'clock. Three witnesses for the commonwealth testified, however, that this meeting occurred between 1 and 2 o'clock on the morning of August 11. If the witnesses for the commonwealth are correct as to the time, appellant failed to account for his actions between the time he left Jones' store and the time when he, Smith, and Martin were found with the chickens.

The commonwealth did not establish by direct proof that the appellant or either of his companions was on Willie Martin's premises on the night the chickens were stolen, but the circumstances were such as to authorize a jury to believe that they had stolen the chickens. The

evidence was sufficient not only to take the case to the jury, but to sustain their verdict.

Considerable evidence was introduced in appellant's behalf in an effort to show ill feeling on the part of the prosecuting witnesses toward him and his companions, but this only affected their credibility as witnesses, and the court admonished the jury that they should so consider it.

Appellant's final contention is that the court erred in failing to give an instruction on petit larceny. Where the degree of the offense in larceny depends upon the value of the property stolen, and the evidence of the value of the stolen property is not definite and satisfactory, an instruction on petit larceny ought to be given. Taylor v. Commonwealth, 240 Ky. 286, 42 S. W. (2d) 309; Reed v. Commonwealth, 233 Ky. 184, 25 S. W. (2d) 77; Saylor v. Commonwealth, 185 Ky. 129, 214 S. W. 826; Bronaugh v. Commonwealth, 2 Ky. Law Rep. 386. In the instant case the owner of the stolen chickens testified positively that they were of the value of more than $2, and there was no evidence from which the jury could infer that the value was less than that amount. At least 13 chickens were stolen, and there was no reasonable room for a difference of opinion as to their value. The uncontradicted evidence respecting the value of the stolen chickens being to the effect that they were worth more than $2, it was not necessary or proper to instruct the jury on petit larceny. Divine v. Commonwealth, 236 Ky. 579, 33 S. W. (2d) 627; Goodin v. Commonwealth, 235 Ky. 349, 31 S. W. (2d) 380.

Finding no error prejudicial to appellant's substantial rights, the judgment is affirmed.