# Smith et al. v. Commonwealth.

Oct. 2ℓ, 1940.

Flem D. Sampson, Judge.

Leonard S. Stephens for appellants.

Hubert Meredith, Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

The grand jury of McCreary county returned an indictment against Jim Murphy, Lizzie Murphy, Roseta Gross, Mary Smith, George Smith, and Leon Smith charging them with the crime of grand larceny. In the descriptive part of the indictment it was charged that they took, stole, and carried away "one heifer of the value of $25 with the fraudulent intent to then and there convert same to their own use and thereby permanently deprive the owner thereof of his property therein." It was also charged that the taking was against the will and without the consent of Jesse Cox, the owner of said heifer.

Lizzie Murphy is the wife of Jim Murphy, and Roseta Gross and Mary Smith are her daughters by her first marriage. George Smith is the husband of Mary Smith, and Leon Smith is George Smith's brother. These six defendants and Martha Pennington, a sister of Lizzie Murphy, were living at Jim Murphy's home at the time the alleged crime was committed.

Jesse Cox, the prosecuting witness, lived about one mile from the Murphy home. On their motion George Smith, Leon Smith, Mary Smith, and Roseta Gross were tried together, and all of them were convicted. The punishment of each was fixed at imprisonment in the state penitentiary for a term of two years. George Smith and Leon Smith have appealed, and as grounds for reversal assert that the verdict of the jury is not sustained by the evidence, and that the court erred in failing to instruct on petit larceny.

Before discussing these grounds, it is necessary to dispose of certain preliminary questions of practice. The Commonwealth has filed a motion to strike this appeal from the docket because no statement of appeal, as required by Section 739 of the Civil Code of Practice, has been filed, and also a motion to strike from the record the motion for a new trial and the bill of exceptions because the motion for a new trial was not made at the regular term of the McCreary circuit court at which the judgment was rendered. The appellants have tendered an amended transcript of the record certified by the clerk of the McCreary circuit court showing that an order was entered at the regular December, 1939, term of the McCreary circuit court, the term during which appellants were tried and sentenced, extending the term eleven juridical days. They have moved that the amended transcript be filed and made a part of the record in this court. All of these motions have been passed to the merits.

We find no provision in the Criminal Code of Practice requiring the filing of a statement of appeal such as is required in civil cases. Section 739 of the Civil Code of Practice applies only to appeals in civil cases, and Section 353 of the Criminal Code of Practice, referred to in the Commonwealth's motion to strike the appeal from the docket, has no application. Section 4 of Rule 3 of the Rules of the Court of Appeals is also referred to in the motion, but this rule applies only to statements of appeal required by Section 739 of the Civil Code of Practice. Sections 334 to 346, inclusive, of the Code of Practice in criminal cases govern appeals to the Court of Appeals in felony cases. Subsections 1 to 4, inclusive, of Section 336 prescribe the time and manner of appealing. The introductory clause of Section 336 reads: ''An appeal may be taken by the defend-

ant in the following manner only." Subsection 1 provides that an appeal must be prayed during the term at which the judgment is rendered, and Subsection 3 reads:

"The appeal is taken, by lodging in the clerk's office of the Court of Appeals, within sixty days after the judgment, a certified transcript of the record. The clerk of the Court of Appeals shall thereupon issue a certificate that an appeal has been taken, which shall suspend the execution of the judgment until the decision upon the appeal."

When the defendant in a criminal case has complied with the provisions of Section 336, he has done all that is required of him in order to prosecute his appeal. We concur with the Attorney General in the view that the filing of a statement of appeal in a criminal case is, under some circumstances, helpful and desirable. The present case affords an example of the desirability of such practice. Four defendants were tried together and all were convicted. Four separate judgments were entered, and copies of all of the judgments appear in the transcript of the record. Each of the defendants prayed and was granted an appeal in the circuit court. An inspection of the transcript filed in the office of the clerk of the Court of Appeals fails to disclose whether all or a lesser number of the defendants are appealing, and it appeared for the first time that only George Smith and Leon Smith are appealing when their brief was filed. But however desirable such a practice may be, we find no provision in the Code of Practice in criminal cases requiring that a statement of appeal be filed, and the motion of the Commonwealth to dismiss the appeal for failure to file such a statement is overruled.

The regular December, 1939, term of the McCreary circuit court began on December 4, 1939, continued for eighteen juridical days, and terminated on December 23, 1939, unless legally extended. The appellants were tried and convicted on the fourth day of the term, or December 7, 1939, and the judgments were entered on the seventeenth day of the term, or December 22, 1939. The motion and grounds for a new trial was filed on January 6, 1940, and was overruled on the same day. The defendants were given until the first day of the next April term of the McCreary circuit court to prepare

and tender their bill of exceptions. On the first day of the April term the time for preparing and tendering the bill of exceptions was extended to the fifteenth day of the term, and the bill was filed within that time. The tendered amended transcript contains an order of the McCreary circuit court entered on December 23, 1939, extending the regular December, 1939, term for eleven juridical days. It is argued in behalf of the Commonwealth that the motion and grounds for a new trial, though filed during the December, 1939, term as extended, came too late, since Section 273 of the Criminal Code of Practice contemplates that where the judgment is entered at the same term at which the verdict is rendered the application for a new trial must be made at that term, either before or after the judgment, but if the judgment is postponed to another term the application for a new trial must be made before judgment. This is a correct interpretation of Section 273 of the Criminal Code, but the right of the defendants in this case to file their application for a new trial after the judgment turns on whether or not the extension period was part of the same term at which the verdict was rendered within the meaning of Section 273. We think it was. The eleven juridical days covered by the order extending the December term did not constitute a special or separate term of court, but were an addition to and part of the term at which the defendants were tried and convicted. That being true, the application for a new trial was in time. Speaking of the extension of a regular term as distinguished from a special term, the court said in Sloan v. Com., 211 Ky. 318, 277 S. W. 488, 489:

"This is not a new term, but only a prolongation of a term that is in session during which parties litigant and their counsel are expected to keep themselves informed about what is going on. As a special term is something out of the ordinary, parties to actions should be fairly notified if their cases are to be taken up during such special terms. Unless so notified, they have a right to rely on the assumption that their law business will be taken up only at the regular terms prescribed by law. But it is otherwise with regard to an extension of an existing regular term. Until their cases are disposed of at such a term by some order, suitors must await some disposition of their suits, and so when

the term is prolonged by an extension they must know that their matters not yet disposed of can be taken up during such extension for action."

Appellants' motion to file the amended transcript is sustained, and appellee's motion to strike order filing motion for a new trial and bill of exceptions is overruled.

We have concluded that the judgments will have to be reversed on account of the trial court's failure to instruct on petit larceny, and it is therefore unnecessary to consider the first ground relied upon by appellants for reversal of the judgments, since the evidence may be wholly different on another trial.

The only testimony concerning the value of the heifer claimed to have been stolen is that of Jesse Cox, the prosecuting witness. He testified on direct examination that he was the owner of the heifer and that she was worth $25 at the time she disappeared on February 14, 1939. On cross-examination he testified that the heifer was a yearling, and when asked how much she weighed, said: "I don't know as I ever seen any yearling weighed, I judge it would weigh 550 pounds." When asked how he arrived at the figure $25 as the value of the heifer, he said: "I just figured. I did not want to sell it and would not have sold it." He practically admitted that he was not acquainted with the market value of cattle at that time. He also stated that he had been offered $18 for the heifer in the autumn of 1938. The proof as to the size and condition of the heifer is very unsatisfactory, and the proof as to its value is so near $20, the dividing line between grand and petit larceny, that a jury might reasonably infer that the value was less than $20.

If the uncontradicted evidence as to the value of the stolen property shows that it is much more than $20, it is not necessary to give the misdemeanor instruction. Ballard v. Com., 263 Ky. 335, 92 S. W. (2d) 355; Divine v. Com., 236 Ky. 579, 33 S. W. (2d) 627. But where, as here, the question is close and the evidence is vague and unsatisfactory, an instruction on petit larceny should be given. Taylor v. Com., 240 Ky. 286, 42 S. W. (2d) 309; Reed v. Com., 233 Ky. 184, 25 S. W. (2d) 77; Saylor v. Com., 185 Ky. 129, 214 S. W. 826.

The judgments are reversed, with directions to grant each of the appellants a new trial.