THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JOSÉ GUADALUPE RIVERA ET AL., Defendants and Appellants.

No. 15411. Argued July 14, 1953.—Decided August 7, 1953.

*José M. Cueto* and *Enrique Cuilan García* for appellants. *José Trías Monge, Attorney General,* and *Jaime García Blanco, Special Fiscal of the Supreme Court,* for appellee.

MR. CHIEF JUSTICE SNYDER delivered the opinion of the court.

José Guadalupe Rivera and Efraín Carmona Diez were tried and convicted in the former district court on a charge of grand larceny. They have appealed from the judment sentencing each of them to a term of one to two years in the penitentiary. The defendants contend on appeal (a) that the lower court should not have permitted the owner of the stolen property to testify as to its value since he is not an expert, and (b) the record does not contain sufficient testimony that the stolen articles were worth $100 or more.

The charge was that the defendants stole from an automobile belonging to Stewart G. Lewis three tires, three rims, two hub caps and two fender skirts, which were worth $136. If the charge had been petty larceny, no specific evidence should have been necessary on the value of these articles; as they had an intrinsic value, the trier of the facts would be entitled to infer that they had some value from an inspection thereof or from a description given by witnesses. But a charge of grand larceny must be supported by some evidence that the articles stolen were worth $100 or more. *People* v. *Galarza,* 60 P.R.R. 203; *People* v. *Delgado,* 50 P.R.R. 629; *The People* v. *Santiago,* 16 P.R.R. 446; §§ 427–29 Penal Code, 1937 ed. And the standard in determining such value is the market value, not the original cost, at the time and place the offense was committed. *People* v. *Ciani,* 286 Pac. 459, 462 (Cal., 1930); *State* v. *McComas,* 295 Pac. 1011, 1013 (Mont., 1931); *People* v. *Simpson,* 79 P.2d 119 (Cal., 1938); *People* v. *Siderius,* 84 P.2d 545, 550 (Cal., 1938). However, the original cost price, although not conclusive, is

pertinent and is admissible in evidence. Together with other evidence and circumstances, it may aid the trier of the facts in fixing the value required by the statute. *Filson* v. *Territory,* 67 Pac. 473 (Okla., 1901) ; *State* v. *McComas, supra; People* v. *Latham,* 110 P.2d 101 (Cal., 1941).

■ In the instant case the only testimony on value was given by the owner, Stewart G. Lewis. He testified on this point as follows:

"DISTRICT ATTORNEY: (T. E. p. 8)

Q. Be seated, witness. What is the value of those articles that you have specified?

A. About a hundred and thirty-five dollars, ($135.00).

DISTRICT ATTORNEY: Nothing else, Your Honor.

DEFENSE: (T. E. pp. 9 to 13)

Q. Could you tell the Court why you say that all those tires and wheels are worth about a hundred and thirty-five dollars?

A. Each tire with its wheel is worth thirty-five to forty dollars, and those other parts that are there are worth about ten dollars.

Q. Did you buy those tires, those hub caps and other things separate from the car, or did all that come with the car when you bought the car?

A. It all came with the car when I bought the car.

Q. How much did you pay for the car?

A. Two thousand one hundred dollars, ($2,100).

Q. Will you state what each part of the car cost you?

DISTRICT ATTORNEY: Objection, Your Honor, to the question, because he is asking for hearsay from the witness.

THE COURT: Sustained.

DEFENSE:

Q. I now ask you, do you know what each part of the car cost when you bought it?

A. No, sir.

Q. Then when you told the Court that a tire cost you thirty-five dollars you did not refer to these tires that are here in Court?

DISTRICT ATTORNEY: Objection, Your Honor, to the question: the witness did not say that it cost him that.

THE COURT: *The witness valued each tire with the rim at thirty-five to forty dollars.* Proceed.

DEFENSE:

Q. Why do you believe or on what do you base your statement that each tire has a value of about thirty-five dollars?

A. Because I have bought tires previously.

Q. How long ago did you buy tires?

A. About a year ago.

Q. Do you actually know the cost in the market of tires and if the cost has increased or has decreased in the market?

A. I would say that it is higher or the same.

Q. Do you sell tires?

A. No, sir.

Q. Are you in the business of purchase and sale of tires?

A. No, sir.

Q. Then why do you know that the market in tires is more or less the same at this time as during the past year?

A. That is my idea: my opinion.

DEFENSE: Then we move to strike everything referring to the price of tires, because that is an opinion of the witness.

THE COURT: *The motion to strike is overruled. That in the market it is the same price, is stricken. But not as to the value of the tires, because the witness has paid for tires at that price.*

DEFENSE:

Q. That was a year ago?

A. A year ago.

Q. When did you buy this car?

A. In November of nineteen fifty one, (1951).

Q. What model is it?

A. It is a nineteen fifty one (1951) Chevrolet.

Q. What brand tires did you have in your car?

A. They were 'Good-Year' and 'Firestone'.

Q. But you do not know the ply number of the tires?

A. No, sir.

Q. Do you know how much a hub cap costs?

A. Two dollars and fifty cents to three dollars.

Q. Do you know how much the fender skirts cost?

A. Nine or ten dollars.

Q. Have you bought any?

A. No, sir.

Q. Then on what do you base your statement that you value them from nine to ten dollars if you have not bought any?

A. That is my opinion.

286

DEFENSE: We move that the answer be stricken, Your Honor. THE COURT: Let it be stricken from the record." (Italics ours.)

We cannot agree that the lower court erred in permitting Lewis to testify as to the value of the stolen articles despite the fact that he had not been qualified as an expert. In III Wigmore on *Evidence* (3rd ed.) it is pointed out at p. 48 that "The *owner of an article*, whether he is generally familiar with such values or not, ought certainly to be allowed to estimate its worth; the weight of his testimony (which often would be trifling) may be left to the jury; and Courts have usually made no objections to this policy." To the same effect, *Warren* v. *State*, 45 S.E.2d 726, 727–8 (Ga., 1947), where a conviction of larceny was sustained on the basis of the testimony of the owner that "I reckon the value of all that stuff was around $22"; *People* v. *Haney*, 126 Cal. App. 473, 475 (1932); *Caten* v. *Salt City Movers & Storage Co.*, 149 F.2d 428, 433 (C.A.2, 1945); *Shotwell* v. *Bloom*, 140 P.2d 728, 735 (Cal., 1943); *Brenton* v. *Sloan's United Storage & Van Co.*, 42 N.E.2d 945, 946 (Ill., 1942); see *State* v. *Handler*, 50 P.2d 977 (Kans., 1935).

The only remaining question is whether the testimony as to value was sufficient to sustain the conviction for grand larceny. Lewis testified that the tires, the rims and the other articles were worth about $135.00 on the basis of $35 to $40 for each wheel with its tires and approximately $10 for the other articles. The trial court struck the testimony as to the estimated value of the hub caps and the fender skirts. However, the remaining testimony as to value was sufficient at least as to amount, as Lewis testified that the three tires and rims were worth from $105 to $120.

The cases hold that "where a witness testifies generally to the value of an article in common use, it will be assumed that the market value is meant, unless it appears from the testimony that the value is based on some other consideration." *Carson* v. *State*, 236 Pac. 627, 628 (Okla.,

1925) ; *Filson* v. *Territory, supra; Johnson* v. *State,* 83 S.W. 651, 653 (Ark., 1904). We think that this rule applies to Lewis' testimony. He did not testify that any particular tire had cost him $35 or $40; rather, he stated that each tire and rim was worth $35 to $40. And, as we have seen, he is entitled to give his opinion as to value based on his knowledge as a property owner. The trial judge apparently understood that the witness was testifying as to present market value, and not solely as to the cost of the tires when purchased; the trial judge correctly pointed out that "the witness valued each tire and rim at $35.00 or $40.00." It is true that the trial court subsequently stated, in passing on a motion to strike testimony, that "the witness has paid for tires at that price." But since Lewis testified that he did not buy these particular tires separate from the car, the trial judge, in making this statement, was apparently referring to the witness' previous experience.

██ If the witness had testified that he had bought the tires and rims for $35 or $40 apiece and this were the only testimony in the record as to the value of the stolen articles, we would agree with the defendants that we would be required to reverse the judgment of conviction for insufficient evidence. Neither original cost nor replacement cost may be used here as the sole test of value; to do so would be to ignore the depreciation in value of the tires and rims resulting from their use. *Reed* v. *Commonwealth,* 25 S.W.2d 77 (Ky., 1930). But we think the record satisfactorily shows that the witness was talking about market value, not the price paid by him for the stolen articles. And testimony of market value, if uncontroverted and believed by the trial court, is sufficient to sustain a conviction for grand larceny. *Taylor* v. *Commonwealth,* 42 S.W.2d 309 (Ky., 1931) ; *Luker* v. *State,* 125 So. 788 (Ala. 1930) ; *Johnson* v. *State,* 82 S.W. 2d 521 (Ark., 1935) ; *Carson* v. *State, supra.*

The judgment of the former district court will be affirmed.