Debt.

## Young vs. Chandler.

Case 26.                    ERROR TO CALDWELL CIRCUIT.

September 29.        Chief Justice Hise delivered the opinion of the court.

1. A variance between the amount stated in the caption of the declaration and in the body thereof, is only a variance in form and not available on demurrer. (*Dudley* v. *Lindsey*, 9 *B. Monroe*, 487.)

2. The damages assessed by the jury in an action upon a record from a sister state, did not exceed the damages laid in the declaration, but exceeded the principal debt claimed in the declaration exclusive of interest, but not including interest—held, that though informal, the defendant was not prejudiced.

Case stated.
Chandler sued Young in debt upon a judgment rendered in Tennessee. The defendant plead *nul tiel record* and payment. The issue to the court, of record or no record, was adjudged in favor of the plaintiff, and the record produced, as sufficiently authenticated and as substantially corresponding with that stated in the declaration, was allowed to be given in evidence to the jury in proof of the debt. The jury rendered a verdict for the aggregate amount of $574 59 in damages; for which sum, as damages, the court

gave judgment. The motion for a new trial was overruled. The plaintiff filed his exceptions to the opinions of the court admitting the record from Tennessee as evidence in the cause, and overruling his motion for a new trial. The evidence was all certified, and the case has been brought to this court, and a reversal of the judgment asked ; because,

1. The court below, it is assumed, erred in deciding the issue on the plea of *"no such record"* in favor of plaintiff, and that the record was erroneously allowed to be read in proof to the jury ; and to sustain this ground, it is contended that the record is not legally authenticated.

The record is accredited by three certificates. 1. The clerk of the court which rendered the judgment certifies, under his signature and seal, that he is the clerk of the court, and that the transcript is a full, true, and complete copy of the record of the case as appears from its original, remaining in his office. 2. The presiding judge of the court which rendered the judgment, describing himself as such in his certificate, certifies over his signature and seal to the official character of the clerk, and that his attestation is in due form of law. 3. The said clerk, again, under his official seal and signature, certifies that the said presiding judge was duly commissioned and sworn as such.

This authentication is in exact conformity with the provisions of the act of congress, approved May 26, 1790, (1 *Stat. Law*, 189,) except that the third certificate attached, of the clerk certifying as to the official character of the presiding judge, is not required by the act, and was, therefore, a superfluous addition to the authentication, which being sufficient without it, cannot of course be vitiated or impaired by it.

It is insisted, however, that the court should have rejected this record, because it is variant materially from the allegations in the declaration. It is true the sum of $540 is stated as the amount of the debt in the caption of the first count of the declaration, and

<div style="margin-note">

Young
*vs.*
Chandler,

1. A variance between the amount stated in the caption of the declaration and in the body thereof, is only a variance in

</div>

Young
vs.
Chandler.

form and not available on demurrer. (Dudley v. Lindsey, 9 B. Monroe, 487.)

that it is averred therein that the plaintiff has a right, upon the facts stated, to recover that sum; and it is true, that the amount of his judgment, including therein the debt, damages, and costs, as taxed, amount only to the aggregate sum of $209 96, as appears from the record given in evidence. But it is ruled that a variance between the amount stated and demanded as the debt in the caption, and the actual amount of the debt shown by the note, bond, bill, or judgment, as correctly stated in the body of the declaration, though defective in point of form, is not a variance for which the declaration should be held to be insufficient upon demurrer. (*Dudley* v. *Lindsey*, 9 *B. Monroe*, 487.)

It is conceded, if there was a substantial variance between the record produced in evidence and that specially set out, and as described in the declaration, that such record should have been rejected upon the issue of record or no record, and excluded as evidence from the jury; but the alleged variance is not between the record as described and *stated as the* foundation of the action in the declaration, and the one produced and admitted as proof, for they correspond in every essential particular as to dates, amounts, &c.; but the variance is only as between the amount stated as the debt in the caption of the declaration and the amount of the debt as shown by the judgment as correctly described in the body thereof as the ground of action.

2. The damages assessed by the jury in an action upon a record from a sister state, did not exceed the damages laid in the declaration, but exceeded the principal debt claimed in the declaration exclusive

The second ground relied upon for a reversal, is that as the plaintiff stated his debt to be, and demanded only $540, and as his proof by the Tennessee record, as described in the declaration and produced as evidence, showed that the debt amounted to only $209 96, that the verdict of the jury and judgment of the court for the sum of $574 59, in damages, was unauthorized and erroneous; and that for this error, if for no other, there should be a reversal of that judgment, and a new trial granted.

It will be observed that the verdict and judgment does not exceed the sum of the damages laid in the declaration, and although it would have been more regular, and more in conformity with the general practice, for the jury to have found for the plaintiff the amount of his debt as proved, and the damages separately, and that the judgment should have pursued the verdict, in the usual form, yet, though somewhat informal, the verdict and judgment may give in an aggregate sum, as damages, the amount of the debt and legal interest thereon from the time when due until the time of the verdict; and if the total amount found by the verdict for damages shall not exceed the principal and interest due or the sum laid as for damages in the declaration, such verdict may not be held invalid, but will authorize and support a judgment for the sum in damages so found. (*Lear* v. *Smith*, 6 *Littell*, 122.)

It appears from calculation that the debt evidenced by the Tennessee judgment, and the interest upon it at six per cent. per annum from its date until the date of the verdict in this case, will amount to a few dollars more than the amount found by the jury and given in the judgment. So that the defendant is not prejudiced at all by the form in which the verdict and judgment were rendered; and although there was no evidence of the legal rate of interest in the state of Tennessee, yet, by the act of January, 1837, (3 *Stat. Law*, 280,) in the absence of such proof, six per cent. shall be taken and allowed as the rate of interest authorized to be recovered by the laws of that state.

Wherefore the judgment of the circuit court is affirmed.

*Caldwell*, for plaintiff; *Mayes*, for defendant,