### SHELT CHAMBERS *v.* COMMONWEALTH.

**Plea of Former Acquittal.**

Evidence of a former acquittal in a criminal case is inadmissible where the plea of former acquittal had not been properly entered, the only record of such a plea being "This day came the defendant and entered a plea of not guilty and former acquittal."

APPEAL FROM MADISON CIRCUIT COURT.

March 10, 1880.

OPINION BY JUDGE HINES:

The judgment of the court below was reversed upon the supposition that the plea of former acquittal had been properly entered; but

our attention is called to the fact that·the only record evidence of such a plea is the following order: "This day came the defendant and entered a plea of not guilty and former acquittal." This is not sufficient, under Sec. 164 of the Criminal Code, to authorize the introduction of evidence to establish the fact of a former acquittal. A plea properly entered and sustained by evidence would entitle appellant, under the authority of *Commonwealth v. Bright,* 78 Ky. 238, to a reversal, but in the absence of a plea the evidence is incompetent and the judgment must be *affirmed.*

*W. B. Smith, for appellant.    Hardin, for appellee.*