ELIJAH CARTER *v.* COMMONWEATH.

[Abstract Kentucky Law Reporter, Vol. 2—311.]

**Larceny of Wild Animals.**

> One can not be guilty of stealing such animals as are fearae naturae and unclaimed, or of wild fowls at their natural liberty; and an indictment for unlawfully taking and carrying away pigeons is bad when it does not allege that the pigeons were tame and in the care and custody of the owner.

**Former Conviction.**

> A former conviction must be specifically pleaded, whether presented as a defense to an indictment or inserted in the charge by the prosecutor with a view of increasing the punishment.

APPEAL FROM FAYETTE CIRCUIT COURT.

March 5, 1881.

OPINION BY JUDGE PRYOR:

Larceny at common law can not be committed, says Wharton, of such animals as are fearae naturae and unclaimed, as deer, hares, or of wild fowls, and at their natural liberty; bees not secure in a hive are not the subject of larceny unless in the care and custody of their owners, or when they are tame or become domesticated. 2 Wharton's Crim. L. (11th ed.), §§ 1104-1110.

The indictment in this case charges the prisoner with the unlawful taking and carrying away twenty-three pigeons, the personal property of W. H. Honnaker, of the value of more than $10, and also charges that the prisoner had twice before been convicted of felony and sentenced by the judgment of the Fayette court. The jury, finding the accused guilty as charged in the indictment, and this being his third conviction of felony, returned a verdict of confinement in the state prison during his life, under a clause of statute authorizing such a punishment.

The indictment is defective, because it is not alleged the pigeons were tame and in the care and custody of the owner, in order that the court might know that they were the subject of larceny. In the case of the *Queen v. Cheafor,* 5 Cox C. C. 367, it was argued that pigeons in the prosecutor's dove-cote on her premises, where they could leave and return at their pleasure, were not the subject of larceny, and the court of Nottingham seems to have so adjudged,

but Lord Campbell said it was purely a question of fact for the jury whether the pigeons were tame and reclaimed. Nor is there any allegation in the indictment authorizing proof of a former conviction. A former conviction must be specifically pleaded, whether presented as a defense to an indictment or inserted in that pleading by the prosecutor with a view of increasing the punishment. The fact that the accused had been previously indicted for a felony, describing the nature of the offense, in a court having jurisdiction, that he was assigned and pled to the indictment, and was found guilty and sentenced, etc., are facts necessary to be alleged. The prisoner must know from the statements contained in the indictment the former convictions relied on.

The court erred in refusing to instruct the jury on the subject of petty larceny, as under the instruction given it was assumed that the accused was either guilty of grand larceny or entitled to an acquittal. The jury were told that if the pigeons were of the value of $10 or more the accused was guilty of grand larceny, and refused to permit them to consider the question as to the lesser offense. Although the proof conduces to show that the pigeons were worth a sum exceeding ten dollars, and there seems to be no proof to the contrary, yet the jury had the right to regard the value as merely speculative and not real, and therefore could have returned a verdict for a lesser offense. While the pigeons stolen were known as fan-tailed pigeons, the jury might not have attached a greater value to them than to the ordinary pigeon; at least, it was never permitted to pass upon the question. The proof of the confession made to the owner we think admissible.

Judgment *reversed* and cause remanded with directions to award a new trial.

*A. K. Woolley, for appellant.*

*P. W. Hardin, for appellee.*