## MATT TAYLOR *v.* COMMONWEALTH.

[Kentucky Law Reporter, Vol. 3—783.]

**Criminal Law—Grand Larceny.**

The Gen. Stats. (1881), Ch. 29, Art. 1, § 12, which authorize an increased punishment for grand larceny where former convictions are alleged and proved, is not in violation of the state constitution which provides that no one shall for the same offense be twice put in jeopardy.

### APPEAL FROM FAYETTE CIRCUIT COURT.

May 16, 1882.

OPINION BY JUDGE HINES:

On an indictment for grand larceny, charging two prior convictions for like offenses, appellant was found guilty of the offense charged, and it was also found that he had been twice convicted and sentenced for like offenses, and the punishment for the last offense was fixed at confinement in the penitentiary for life. The punishment for grand laceny is, in ordinary cases, confinement in the penitentiary from one to five years.

This increased punishment is authorized by Gen. Stat. (1881), Ch. 29, Art, 1, § 12. The only question is, whether the provision of the statute is in conflict with the constitution which provides that no one shall, for the same offense, be twice put in jeopardy of life and limb. If we had any doubt of the constitutionality of this statute we would feel constrained to solve it in favor of the previous rulings of this court, and to hold the act constitutional. In *Mount v. Commonwealth,* 2 Duvall (Ky.) 93, such a law was held constitutional. The increased punishment for the last offense is no part of the penal consequences of the first and second, but applies exclusively to the last as aggravated by its repetition of the same crime. None of the evidence necessary to a conviction on the first or second indictment is heard on the last. Nothing is competent except the evidence that the former convictions had been had and for like offenses. There is no trial on the issues made on the former indictments. The accused is not required a second time to make response to the charges of guilt in those indictments, but proof of the former convictions fixes

his status, and to this status the increased punishment is applied without regard to whether the former convictions were rightful or wrongful.

Judgment *affirmed.*

J. H. Beauchamp, for appellant.

P. W. Hardin, for appellee.

[Cited, in *Boggs v. Commonwealth,* 9 Ky. L. 342, 5 S. W. 307; *Chenowith v. Commonwealth,* 11 Ky. L. 561, 12 S. W. 585; *Hall v. Commonwealth,* 106 Ky. 894, 21 Ky. L. 520, 51 S. W. 814; *Herndon v. Commonwealth,* 105 Ky. 197, 20 Ky. L. 1114, 48 S. W. 989, 88 Am. St. 303; *Hyser v. Commonwealth,* 116 Ky. 410, 25 Ky. L. 608, 76 S. W. 174; *White v. Commonwealth,* 20 Ky. L. 1942, 50 S. W. 678.]