## Fugate v. Commonwealth.

(Decided September 28, 1916.)

### Appeal from Perry Circuit Court
### (Two Cases).

1. Intoxicating Liquors—Offenses—Criminal Prosecutions.—In order to sustain a prosecution under section 2557b, Kentucky Statutes, for having intoxicating liquors in one's possession for the purpose of selling them in local option territory, the Commonwealth should show: (1) that the person being prosecuted had liquors in his possession; and (2) that he had them for the purpose of selling them in local option territory. But it is not essential to sustain a conviction that direct evidence of either of these facts should be made by the Commonwealth since a conviction may be had upon circumstantial evidence.

2. Intoxicating Liquors—Section 2569b Kentucky Statutes.—In enacting section 2569b, Kentucky Statutes, the legislature had no purpose to make the agent's record of an endorsement made upon

the outside of a package of whiskey by the consignor, prima
facie evidence of the use the consignee should make of it after
it was received in his possession, and it was not error in a prose-
cution under section 2557b to exclude from the consideration of
the jury the fact that the records of the express office showed
the shipments were endorsed for "personal use."

3. Criminal Law—Plea of Former Conviction—Plea of Record.—In
order for the plea of former conviction to prevail, it must have
been entered of record in the lower court, and where this was
not done, accused is precluded from making it in the Court of
Appeals.

F. J. EVERSOLE and J. R. P. TURNER for appellant.

M. M. LOGAN, Attorney General, and CHAS. H. MORRIS, Assist-
ant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

At the March, 1916, term of the Perry circuit court,
the grand jury returned two indictments, Nos. 60 and
61, respectively, against appellant, charging her with
having in her possession spirituous, vinous and malt
liquors for the purpose of sale in local option territory
as denounced by subsection 2 of section 2557b of the
Kentucky Statutes.

She was tried and convicted under both of these in-
dictments at the May term of court. The evidence
for the Commonwealth in both cases was the same. Her
motion and grounds for a new trial having been over-
ruled, she is appealing in both cases, which, by agree-
ment, were heard together here.

The Commonwealth introduced only one witness,
G. M. Lawson, agent of the Adams Express Company at
Hazard, who testified in substance that he delivered to
the defendant from April 5th to October 6th, 1915, thir-
teen gallons of whiskey. At the conclusion of the testi-
mony for the Commonwealth, the defendant entered a
motion for a directed verdict in her behalf, which was
overruled by the court, and to which she excepted.

The defendant testifying for herself stated in sub-
stance that she had received some whiskey from the ex-
press company, but did not think she had received as
much as stated by the Commonwealth's witness; that
she ordered the whiskey for her personal use; did not
have it for the purpose of sale; did not intend to sell it
and did not sell any of same. She stated that she gave
her mother some of each shipment, and that the balance

of it was consumed by herself, Levy Fugate, Bird Fugate and Martin Fugate, except possibly a few drinks by some of the neighbors; that she owned no property except one cow, and had done washing and kept a few boarders for a living for the past four or five years, until the past winter, when she had not done much work. She then introduced Bird Fugate, whose testimony is substantially the same as her own, except he stated defendant owned and lived upon her dower in her husband's land, the size of which is not disclosed. At the conclusion of all the testimony the defendant renewed her motion for a peremptory instruction, which was again overruled and an exception saved.

1. The first question raised here is that there was not sufficient evidence to warrant a conviction, but to this we cannot agree. The conclusions of this court with the reasons therefor on substantially the same evidence, are clearly and fully stated in Cornett v. Commonwealth, 170 Ky. 717, and it is not necessary to restate same here. The fact that the defendant in the Cornett case did not deny that he had the whiskey in his possession for sale, and that the defendant here did so, in no wise affects the reasons controlling the Cornett decision, and cannot alter the conclusions reached therein.

2. The second objection urged by defendant is that it was error upon the part of the trial court to exclude from the consideration of the jury the fact that the records of the express office show that each shipment of whiskey to the defendant was endorsed for "personal use." Appellant bases this contention upon the fact that by subsection 3 of section 2569b of the Kentucky Statutes, transportation companies are required to keep a separate book at each station in local option territory and enter therein a truthful statement of the amount and kind of liquor received, name and address of the consignor and of the consignee, and the purpose for which the said liquor is to be used as stated on the outside of the package containing same, the date when received, the date when delivered and by whom and to whom delivered; and providing further that "such book shall constitute *prima facie* evidence as to the facts therein stated, and be admissible as evidence in any court in this State."

Appellant is mistaken, however, in assuming that the legislature intended by the above provision to make

this book *prima facie* evidence in prosecutions other than those under the particular act of which that provision is a part. Section 2569b is an act of the 1914 session of the legislature, in which offenses are denounced, and penalties prescribed therefor, not theretofore proscribed by our laws, and therefore new and independent legislation, and not amendatory to existing laws. Subsection 1 of the act relates to acts of persons having paid the Federal tax for selling whiskey, while subsections 2 and 3 relate only to the transportation of intoxicating liquors into local option territory, providing how it may be done and fixing penalties for violations of such provisions. Clearly the legislature meant simply that the transportation records should be *prima facie* evidence upon trials for violation of the prescribed transportation regulations, and had no purpose to make the agent's record of an endorsement made upon the outside of a package of whiskey, by the consignor, who probably never knew or saw the consignee, *prima facie* evidence of the purpose for which such consignee might have such liquor in his possession, after it was received by him. The court did not err in excluding this evidence.

3. Upon the trial of the second indictment, No. 61, at the conclusion of the Commonwealth's evidence, and after the court had excluded the evidence that the whiskey was marked "for personal use," defendant moved to exclude all of plaintiff's testimony, no doubt upon the theory that if the record book was not *prima facie* evidence of the endorsement "for personal use," it was not evidence for any purpose. But, as a matter of fact, the book was not introduced as evidence by the Commonwealth at all. The agent testified that defendant received from him certain shipments of whiskey and by reference to the book stated the quantities she had received and upon what dates. This evidence was clearly competent, without regard to the above statute, under the ordinary rules of evidence.

4. It is most earnestly insisted by defendant that she was entitled to a peremptory instruction upon the second trial because the conviction was upon the same evidence as the former conviction. The evidence was the same, and had she entered a plea of former conviction, as under section 164 of the Code she had the right to do, her plea would have been followed. In

order, however, to avail herself of this defense, she must have entered her plea upon the record, and not having done so, she is precluded from making it here. A motion for a peremptory instruction cannot raise the question. This very question was before this court in Shirley vs. Commonwealth, 143 Ky. 183, and there decided adversely to appellant's contention. There such a plea, held to be defective, though entered of record, was held not available. Here no such plea was entered at all.

Wherefore, the judgments in both cases are affirmed.