## Tom Little and Bill Little v. Commonwealth.

(Decided January 19, 1923.)

### Appeal from Johnson Circuit Court.

1.  Criminal Law—Trial—Former Jeopardy.—The defense of former
    jeopardy is not available unless the defendant enters a plea of
    former conviction or acquittal as required by section 164 of the
    Criminal Code.

2.  Intoxicating Liquors—Conviction in Federal Court Not Bar to Pros-
    ecution in State Court.—One act may constitute an offense against
    both the state and the federal governments, and a conviction in
    the federal court for an offense against the Volstead act does not
    operate as a bar to a prosecution in the state courts on the same
    state of facts.

BLAIR & HARRINGTON for appellants.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR,
Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE MOORMAN—Affirming.

Tom Little and Bill Little were convicted in the Johnson circuit court of the offense of operating an illicit or moonshine still in violation of section 2554d-1, Carroll's Kentucky Statutes, 1922. They were each fined $200.00 and given a jail sentence of thirty days. It is contended on this appeal that the judgment is invalid because of a former conviction of Tom Little in the United States district court and a former acquittal of Bill Little in that court on the same facts upon which this judgment is based.

There are two reasons why this contention cannot prevail. The first is, that appellants did not enter a plea of former conviction or former acquittal. And we have held in Shirley v. Commonwealth, 143 Ky. 183, and Fugate v. Commonwealth, 171 Ky. 227, that the defense of former jeopardy is not available unless the defendant enters a plea of former conviction or acquittal as required by section 164 of the Criminal Code. No such plea was filed by either of the defendants. This is a sufficient reason for denying the contention.

The other reason is that one act may constitute an offense against both the state and the federal governments, and accordingly a conviction in a federal court for an offense against the Volstead act does not operate as a bar to a prosecution in the state courts on the same state of facts. This was decided in Hall v. Commonwealth, 197 Ky. 179, on the authority of United States v. Vito Lanza, U. S. Advance Opinions, 1922-23, page —, and the authorities therein cited.

The judgment is affirmed.