## Fennen v. Commonwealth.

(Decided October 16, 1931.)

WILLIAM BLANTON for appellant.

J. W. CAMMACK, Attorney General, and DOUGLAS C. VEST for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming.

The appellant was given a life sentence under sections 1159 and 1130 of our Statutes for having possession of burglar's tools with intention of using them burglariously. His timely motion for a new trial was overruled, and he has appealed.

## THE INDICTMENT.

He has attacked the indictment against him, which, after charging the defendant with possession of these tools and with intent to use them burglariously, further charged:

"The Grand Jury further charges that the said Herman Fennen, alias Harry Fennen, alias Harry Freeman, alias Gerke Finen, was, in the Common Pleas Court, Criminal Division, Hamilton County, State of Ohio, at its December, 1907, term, under the name of Herman Fennen convicted of the crime of grand larceny, and sentenced to the Ohio State Penitentiary for a term of thirteen months, and that said judgment and sentence has not been appealed from, modified, set aside or pardoned, and that same is now and has at all times since date been in full force and effect.

"And the Grand Jury further charges that said crime of grand larceny was at said time in the State of Ohio a felony, and that said Court of Common Pleas, Criminal Division, Hamilton County, State of Ohio, was at said time, and is now, a court of general criminal jurisdiction in the State of Ohio, and that said court had jurisdiction of the subject matter and the person of the defendant, Herman Fennen, alias Harry Fennen, alias Harry Freeman, alias Gerke Finen, and that the said Herman Fennen who was so convicted as aforesaid, was and is the same person as the defendant herein."

The indictment continued and in similar language charged the defendant with having been convicted of having burglar's tools in his possession and charged him with having been sentenced to three years in the penitentiary in the common pleas court for the First judicial district, county of Hamilton and state of Ohio on April 3, 1923, and that that offense is a felony in Ohio and that court had jurisdiction, etc. It was his contention that it was necessary to make this a good indictment that the laws of Ohio be set out and pleaded in their exact words, and in support of this contention he relies upon the case of Commonwealth v. Finn, 120 Ky. 364, 86 S. W. 693, 27 Ky. Law Rep. 771. He is in error in this contention. An indictment is the commonwealth's pleading, in which the commonwealth must name the party charged, the offense charged, the county in which it was committed, and the particular circumstances of the offense in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended; and with such degree of certainty as to enable the court to pronounce judgment on conviction, etc. See sections 122, 123, 124 of Criminal Code of Practice.

Just what the laws of Ohio are, which conferred jurisdiction upon this court and which make these offenses' felonies, is a matter of evidence which the commonwealth must prove to sustain its indictment, but which it is not necessary for the commonwealth to allege with particularity in the indictment. The court did not err in overruling his demurrer to the indictment.

### RULINGS ON THE EVIDENCE.

His next ground for reversal is that the commonwealth was permitted over his objections to prove the charges made in the indictment.

A large part of this contention is based upon the idea that the indictment was insufficient, but we have already disposed of that adversely to his contention.

The defendant was one of a party of six that left Cincinnati, Ohio, on Friday, November 30, 1928, in an automobile in which they came to Paris, thence to Lexington, thence back to Paris, and had started back to Cincinnati on Sunday, December 2d, but the automobile was wrecked and some of the party were arrested near the wreck and these burglar's tools were found in the car.

The commonwealth was permitted to prove by Mr. Brent and his son that the office of Brent & Co. was broken into Sunday evening, December 2d, that one of the safes in the building was opened, and some damage done to the other safe, though it was not opened.

The defendant objected to this evidence because it tended to prove him guilty of a crime other than that charged in the indictment. It is true that it would, but one of the things the commonwealth had to prove to sustain this indictment was that the defendant had these tools in his possession and intended to use them burglariously, and it is held in the case of Cook v. Com., 232 Ky. 613, 24 S. W. (2d) 269, that evidence of other crimes is permissible to show intent. Thus the evidence that this office was burglarized and evidence connecting this defendant with that burglary was competent to show the intent with which he had these tools in this machine.

The defendant objected to the evidence of Mrs. Staley, one of the occupants of this car; the basis of this objection being that she was an accomplice. If that be admitted, that does not make her evidence incompetent, but the defendant could not be convicted on her evidence alone; but unfortunately for him there was plenty of other evidence tending to connect him with the crime without that of Mrs. Staley, and the court by proper, instruction told the jury the defendant could not be convicted upon the evidence of an accomplice unless corroborated by other evidence and told the jury what that other evidence must show.

Over the objections and the exceptions of the defendant, the commonwealth was permitted to introduce and read to the jury an official and legally authenticated copy of an indictment against the defendant, that indictment being 14722 in the court of common pleas, in the county of Hamilton, in the state of Ohio, in which indictment he was charged with grand larceny; also to read to the jury the record of that court showing his conviction under that indictment and his sentence to the penitentiary therefor; in like manner an official and legally authenticated copy of an indictment 24731 charging the defendant with having burglar's tools in his possession, upon which indictment he was tried by the court of common pleas, in the county of Hamilton, and was convicted in 1923, and the commonwealth was permitted to read the proceedings had and the sentence entered against the defendant on that charge. These records were all certified as required

by the Acts of Congress. See 28 U. S. C. A. sec. 687, in which act it is said:

"And the said records and judicial proceedings, so authenticated, shall have such faith and credit given to them in every court within the United States as they have by law or usage in the courts of the State from which they are taken." They also comply with our statutes. See section 1635, Ky. Stats.

Apparently that would settle conclusively the question of the Ohio court's jurisdiction, the question whether or not be was convicted, and the question whether or not he was convicted of a felony; nevertheless, the commonwealth introduced Mr. Alex Howard, who testified he was a general practitioner in the courts of Ohio, was acquainted with the laws of that state, and was a graduate of the Law department of the University of Cincinnati, and by him it was established that the court of common pleas, criminal division of Hamilton county, Ohio, was a court having jurisdiction of offenses such as these, that these offenses were felonies, and he produced and filed as a part of his evidence a copy of section 12439 of the Ohio statutes showing it was a felony to have burglar's tools in possession with intention to use them burglariously and that one convicted of such an offense shall be imprisoned in the penitentiary not less than one year nor more than five years. In like manner it is shown by him, and by a copy of section 12447 of the Statutes of Ohio which he filed, that the larceny of goods the value of which is $35 or more is a felony, the punishment for whch is confinement for not less than one and not more than seven years in the penitentiary.

### IDENTITY.

One of the grounds for reversal is that the court erred in submitting to the jury the question of the alleged convictions of the defendant in Ohio, because it was not shown (so defendant contends) that he was the same man as the defendant in the Ohio cases, so we shall state some of the evidence on that question.

Robert L. Dunning testified he is a captain of police of Cincinnati and is superintendent of the bureau of identification; that he has known the defendant for about 25 years, and that he is the same man who was convicted there of grand larceny in 1907, and is the same man con-

victed in 1923 of having burglars' tools in his possession with intent to use them burglariously; that he was present at the latter trial; and that he saw defendant in the jail in 1907; that he knew he was charged then with grand larceny; that he saw him once during that trial and knows he was convicted.

A paper from the records of the Ohio penitentiary signed Harry Freeman, and bearing the imprint of the thumb of Harry Freeman, was introduced in the evidence. In that paper he admits that his right name is Fennen and admits he was sent to the Ohio penitentiary in 1899 for shooting to kill, in 1902 for robbery, in 1906 for burglary and grand larceny, and in 1908 for grand larceny. This last sentence probably was the sentence under indictment 14722, the judgment in that case having been entered December 21, 1907, and it is probable that he was not admitted to the penitentiary until 1908 or so near to that year that he regarded it as 1908. He objected to the introduction of this paper because no one testified they saw him sign it, but the admission of this paper was not prejudicial, as his identity with the man convicted in Ohio had already been abundantly established.

## The Instructions.

The defendant alleges the court erred when it failed to instruct the jury to find him not guilty, but his argument in support of this is based on the alleged defects in this indictment, which we have already disposed of adversely to his contention.

He contends the court erred in giving instructions 2, 3, and 4, and his objections to these instructions is that there was not sufficient evidence of his identity with the man convicted in Ohio to warrant the giving of these instructions; but we have set out some of the evidence upon the question of identity and there is no merit in his contention.

## Possession.

The defendant cites the case of Kratzer v. Com., 228 Ky. 684, 15 S. W. (2d) 473, and urges that upon the authority of that case the court erred in not telling the jury what constituted possession. There may arise circumstances under which it would be necessary to define what would be possession as was pointed out in the Kratzer case, but such circumstances are not presented

here and the defendant was not entitled to a specific instruction on that point.

### THE TOOLS.

He contends the court should have defined just what constitute's burglar's tools, and urged that the tools found in this automobile were the tools of an ordinary mechanic, which is true and doubtlessly just such tools can be found in the kit of the average automobile mechanic anywhere, with the exception of a can of material resembling paste, which was found in this machine.

It was shown by a police captain in Cincinnati that such tools as these are the ones that burglars use, and he discussed the various uses to which they put them, in their operations. It is not the possession of such tools as these that constitute the offense charged here (the honest mechanic may have just such tools), but the offense is having them with intention to use them burglariously, and the defendant's intention so to use these tools is established by the fact that they were so used.

The judgment is affirmed.