# Lovan v. Commonwealth.

(Decided Nov. 7, 1935.)

W. J. POSTLETHWEIGHT and T. C. BENNETT for appellant.

BAILEY P. WOOTTON, Attorney General, and RAY L. MUR-PHY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

Hallie Lovan and Carl Wedding were jointly indicted for the crime of grand larceny. In the second count of the indictment, it was charged that Lovan had been convicted of felony twice before the present prosecution. On his separate trial he was convicted and his punishment fixed at life imprisonment under the habitual criminal statute. Ky. Stats. sec. 1130.

He first insists that the trial court erred in overruling his motion for a directed verdict of acquittal, since the only witness whose testimony tended to connect him with the crime was an accomplice and there was no corroborative evidence.

Earl Grimes was introduced as a witness for the commonwealth, and he testified that he, appellant, and Carl Wedding arrived in Marion, Ky., about 4:30 o'clock on the afternoon of November 24, 1934. They were traveling from Henderson to Princeton. They ate supper in Marion, and Wedding suggested that they steal an automobile. He later reported that he had located a car with the ignition key in it, and Wedding and Lovan got in the car, drove to where Grimes was standing, and the three men went to Princeton. They left the car near the railroad yards, and spent the night in a freight car. Lovan drove the car from Marion to Princeton.

Lummie Clark owned the stolen car, and he testified that he parked it in front of his garage near the post office about 5:30 o'clock, and about 7 o'clock discovered that it had been taken. He immediately notified the Marion police, who in turn got into communication with the chief of police at Princeton. The stolen car was recovered about 9 o'clock and returned to the owner. Appellant was arrested on the following morning near the place where the car was found. Clark testified that he saw appellant and Grimes in Marion near the place where his car was parked, shortly before it was stolen. Albert Agee saw appellant in Marion on the night the car was stolen. Roy Malcolm, sheriff of Crittenden county, saw appellant in Princeton the morning after the car was stolen, and appellant first told him that his name was Harold Taylor, but later stated that his name was Arion Lovan. He admitted that he had been in Marion, but claimed that he had walked to Princeton during the night. It had rained steadily during the night, but his clothes were dry when he was arrested.

Appellant was seen near the car shortly before it was stolen, and within a few hours was arrested in another county near the place where the car was found. He gave an assumed name, and made a palpable misstatement as to how he had traveled from Marion to Princeton. Conceding that Earl Grimes was an ac-

complice, there was other evidence, sufficient to meet the requirements of section 241 of the Criminal Code of Practice, tending to connect appellant with the commission of the crime. Williams v. Commonwealth, 257 Ky. 175, 77 S. W. (2d) 609.

F. P. Feezal, clerk of the McCracken circuit court, produced an order book of that court and read two judgments entered at previous trials of appellant, which showed that he had been twice convicted of felony in McCracken county. He was convicted once as Hallie Lovan, and once as Hallie Loving. T. E. Woodward, an employee in the identification department at the Eddyville Penitentiary, testified that appellant had served two sentences in the Eddyville Penitentiary, and that he was committed once as Hallie Lovan and once as Hallie Loving. He had known appellant from childhood. This testimony was objected to, but it was competent to identify appellant as the same person who had theretofore been convicted of felony in McCracken county.

It is argued that the Crittenden circuit court was without jurisdiction to try appellant under the second count of the indictment, since the two crimes for which he had previously been convicted were committed in another county. If appellant's theory is sound, section 1130 of the Statutes applies only where all three of the crimes have been committed in the same county. Such is not the purpose or effect of the statute. It provides that:

"Judgment in such cases shall not be given for the increased penalty, unless the jury shall find, from the record and other competent evidence, the fact of former convictions for felony committed by the prisoner, in or out of this state."

When the statute is invoked, the accused is not tried for the former crimes. Evidence of two former convictions merely authorizes an increased penalty on the third conviction. In Fennen v. Commonwealth, 240 Ky. 530, 42 S. W. (2d) 744, an indictment was returned against Fennen in Bourbon county, charging him with the commission of a felony. It further charged that he had been convicted twice of felony in the state of Ohio. He was given a life sentence under section 1130 of our Statutes, and the judgment was affirmed.

It is next insisted that the indictment which charged appellant with the commission of the crime of grand larceny is defective, in that it fails to allege that the stolen property was of the value of $20 or more, or of any value, and that the instructions are erroneous, since the jury was not required to believe that the property was of the value of $20 or more, before the appellant could be convicted of the crime of grand larceny, and no instruction on petit larceny was given. Appellant's contention is sound, and must be sustained. In order to constitute the crime of grand larceny, the stolen property must be of the value of $20 or more. Ky. Stats. sec. 1194. The value of the property named in the indictment is an essential ingredient of the crime of grand larceny, and should be alleged under our Statutes. The punishment for larceny is graduated with reference to the value of the property stolen, and, since the value is essential to the punishment, it should be alleged and proved. When the property is of the value of $20 or more, the offense is grand larceny, and, where the value is less than $20, except as to special kinds of property, the offense is petit larceny; and in a prosecution for grand larceny, unless the evidence shows without contradiction that the value of the property is $20 or more, an instruction for petit larceny should be given. Divine v. Commonwealth, 236 Ky. 579, 33 S. W. (2d) 627; Taylor v. Commonwealth, 240 Ky. 286, 42 S. W. (2d) 309; Phelps v. Commonwealth, 255 Ky. 655, 75 S. W. (2d) 217.

In the instant case, the indictment failed to allege that the stolen property was of any value. There was not an iota of evidence on that question, and the instruction failed to require the jury to believe that the property was of the value of $20 or more before they could convict the appellant of the crime of grand larceny. Other complaints are made of the rulings of the trial court, but they are not meritorious.

For the reasons indicated, the judgment is reversed, with directions to grant appellant a new trial and for further proceedings consistent herewith.