**Frances ADAMSON, Appellant,**

**v.**

**Bruce HOBLITZELL, Sheriff of Jefferson County, Louisville, Ky., Appellee.**

Court of Appeals of Kentucky.

May 20, 1955.

Edwin W. Paul, Louisville, for appellant.

A. Scott Hamilton, Louisville, W. Owen Keller, Asst. Atty. Gen., for appellee.

CULLEN, Commissioner.

Miss Frances Adamson, upon a second conviction of vagrancy under KRS 436.-520, was sentenced to a term of 60 days in jail. She sought release from jail by application for a writ of habeas corpus, claiming that the sentence was void, at least in so far as it exceeded 30 days. Her appeal here is from the judgment of the circuit court denying the writ.

Under KRS 436.520 a sentence of 60 days is mandatory upon conviction of a second offense of vagrancy. Miss Adamson's first offense occurred more than one year prior to the second one. She contends that in view of KRS 431.090, which places a general one-year limitation on prosecutions for misdemeanors, her first offense could not be considered and the court therefore had no authority to impose the second-offense sentence. We believe this contention is based upon a misinterpretation of the objects and purposes of the second-offense provision.

■ This Court has held consistently, with respect to our general "habitual criminal" statute, KRS 431.190, that the increased punishment for a second offense does not constitute a second or additional punishment for the first offense. Herndon v. Commonwealth, 105 Ky. 197, 48 S. W. 989; Hall v. Commonwealth, 106 Ky. 894, 51 S.W. 814; McIntyre v. Commonwealth, 154 Ky. 149, 156 S.W. 1058; Turner v. Commonwealth, 191 Ky. 825, 231 S. W. 519; Allen v. Commonwealth, 272 Ky. 533, 114 S.W.2d 757. In the Herndon case we said [105 Ky. 197, 48 S.W. 990]: "The increased punishment prescribed by the statute for the subsequent offense was no part of the penal consequences of the first offense, but applied exclusively to the last, as aggravated by its repetition of the same crime. * * * In any aspect, the augmented punishment is for the last, and not at all for the first, offense * * *."

Indicative of the fact that the imposition of the increased punishment has no aspects of a further prosecution for the first offense is the fact that under the general habitual criminal statute, KRS 431.190, the increased punishment may be imposed even where the first offense was committed in *another state*. See Fennen v. Commonwealth, 240 Ky. 530, 42 S.W.2d 744; Allen v. Commonwealth, 272 Ky. 533, 114 S.W.2d 757.

■ Since the one-year limitation statute applies only to "prosecutions" for misdemeanors, and the imposing of an additional penalty for a second offense is in no sense a prosecution for the first offense, it is our opinion that the limitation statute has no application here.

■ A second contention is that the vagrancy statute does not apply to females. An examination of the statute, KRS 436.520, discloses that subsection (2), defining a "vagrant," contains four paragraphs, each of which describes a different kind of vagrant. In the first three paragraphs the term "able-bodied male person" is used, but in the fourth the term is simply "able-bodied person". The appellant here was convicted under the fourth paragraph. In view of the fact that the first three paragraphs are specifically limited to male persons, while the fourth is not, we think it is obvious that the legislature did not intend to so limit the fourth paragraph. The fact that subsection (1) of the statute uses the pronoun "he" is of no significance, since under KRS 446.020 (2) a word importing the masculine gender may extend and be applied to females.

■ Some suggestion is made that the entire vagrancy statute is void because it is too vague and indefinite. It will suffice to say that substantially similar statutes in other states have almost uniformly been upheld against attacks on the ground of vagueness, indefiniteness and uncertainty. See 55 Am.Jur., Vagrancy, secs, 4, 7, pp. 447, 449, 450; Note, 111 A.L.R. 68.

The judgment is affirmed.