Samuel Alphonso HILL, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Nov. 30, 1956

Charles J. Lundermann, Jr., Louisville, for appellant.

Jo M. Ferguson, Atty. Gen., John B. Browning, Asst. Atty. Gen., for appellee.

HOGG, Judge.

Appellant, Samuel Alphonso Hill, was convicted of the crime of operating an automobile without the knowledge and consent of the owner. His punishment was fixed at life imprisonment under the habitual criminal statute, KRS 431.190, since, as it was said, he had been convicted of a felony twice before the present conviction. On this appeal he complains that the indictment was fatally defective and that the instructions to the jury were erroneous.

Jerry Smith drove to work at the Louisville Courier-Journal in his 1949 Ford automobile. He parked his automobile in the parking lot behind the post office at 7:30 in the evening, taking the keys to the ignition of the automobile to work with him. At 4:30 the next morning he finished work and returned to where he had parked his automobile but it was gone.

Appellant was apprehended by the police about 5:30 the same morning, while he was driving the automobile south on the Bardstown Road. The police noticed that the ignition wires of the automobile had been pulled in order to start it.

Appellant testified that a friend, James Ross, had loaned the automobile to him so that he could go out on the Bardstown Road to get $5 from a man who owed the money to him. He stated that, when he got into the automobile, he noticed that there were no keys, and Ross fixed the ignition so the motor would start without them.

The indictment charged, and it was established by the Commonwealth, that the appellant had been convicted in Jefferson Circuit Court in 1948 of grand larceny and sentenced to two years' imprisonment, and that he was convicted in 1951 in the United States District Court for the Western District of Kentucky, Louisville Division, of transporting a stolen automobile from Kentucky into Indiana and sentenced to three years' confinement in prison. The indictment also alleged that the conviction in the Federal Court in 1951 was prior to the present charge in 1955, and that the conviction in 1948 was prior to both the 1951 conviction and the present charge. The appellant admitted that he had been convicted of the two previous felonies.

The one specific objection to the indictment which appellant raised by his demur-

rer to it is that one of the previous felony convictions alleged in the indictment was in a federal court, and KRS 431.190 contemplates only convictions in state courts in violation of state laws.

KRS 431.190 provides as follows:

"Any person * * * convicted a third time of felony * * * shall be confined in the penitentiary during his life. Judgment in such cases shall not be given for the increased penalty unless the jury finds, from the record and other competent evidence, the fact of former convictions for felony committed by the prisoner, *in or out of this state*." (Emphasis supplied.)

█ This statute comprehends convictions for felony committed in another state as being available to enhance the penalty for a felony subsequently committed in Kentucky. Fennen v. Commonwealth, 240 Ky. 530, 42 S.W.2d 744; Allen v. Commonwealth, 272 Ky. 533, 114 S.W.2d 757; Adamson v. Hoblitzell, Ky., 279 S.W.2d 759. See also, Lovan v. Commonwealth, 261 Ky. 198, 87 S.W.2d 381. It is the general rule that a conviction in a federal tribunal will support the raising of a penalty under the habitual criminal laws of a state for a conviction in a state court. 5 A.L.R. 2d 1080, 1112. We, therefore, hold that the words "in or out of this state," as set forth in the statute, mean not only convictions in courts of this state and sister states, but convictions in federal courts also.

█ Appellant also contends that the indictment was defective in that it did not allege that the felonies were committed consecutively. He relies on the rule laid down in Harrod v. Whaley, Ky., 239 S.W.2d 480, that an indictment alleging violation of the habitual criminal statute must charge that the crimes were committed in sequence after a conviction for a previous one. This court held, however, in Green v. Commonwealth, Ky., 281 S.W.2d 637, a case where defendant had committed one prior felony, that the allegation of an indictment which

stated the dates of the indictment, trial, and judgment in one year, coupled with the allegation that the present crime was in a subsequent year, was sufficient to meet the above requirement of an indictment. The allegations of the indictment at hand are also sufficient, for it is alleged that appellant was indicted, tried, and sentenced to prison in 1951 for committing a felony; that prior to that conviction he was indicted, tried, and sentenced in 1948 for committing another named felony; and that both were prior to the present crime brought before the grand jury in 1955.

█ It is further urged that the indictment is faulty because it did not allege facts sufficient to establish that the Federal Court in which appellant was previously convicted of committing a felony had jurisdiction to try him. Allen v. Commonwealth, 272 Ky. 533, 114 S.W.2d 757. However, the allegation that the appellant was convicted in 1951 in the United States District Court, Western District of Kentucky, of the crime of transporting a stolen automobile from Kentucky into Indiana when he knew the automobile was stolen, and the allegation that this crime was a felony punishable under the laws of the United States, were sufficient to satisfy this requirement.

█ The court instructed that if the jury found appellant guilty of the present crime of operating a motor vehicle without the owner's consent, and believed beyond a reasonable doubt that he had been previously convicted of committing the other two consecutive felonies, his punishment was to be fixed at life imprisonment; if the jury did not believe that appellant had been convicted of both felonies, the appellant's punishment was to be fixed at confinement in the penitentiary from one to five years, the punishment for committing only the present crime. The instructions are criticized because the judge failed to submit an instruction upon the punishment in the event the jury found appellant was previously convicted of committing only one felony. However, the Commonwealth

proved conclusively that appellant had been convicted twice of a felony and he admitted both convictions. In such a case, the instruction asked for was not authorized. Vaughn v. Commonwealth, 262 Ky. 588, 90 S.W.2d 1037.

Judgment affirmed.