**Samuel SWEENEY, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 27, 1969.

———◆———

Samuel Sweeney, pro se.

John Douglas Hubbard, John S. Kelley, Bardstown, for appellant.

John C. Breckinridge, Atty. Gen., George Rabe, Asst. Atty. Gen., Frankfort, for appellee.

OSBORNE, Judge.

This appeal is prosecuted from a denial of relief under RCr 11.42. The facts of the case are as follows:

In 1955, appellant was convicted of carrying concealed a deadly weapon in violation of KRS 435.230. At the time of this conviction he had previously been convicted of another felony and because of the previous conviction his punishment was fixed at four years in the penitentiary instead of two.

On October 23, 1967, he was indicted for storehouse breaking and charged with five separate counts. One count was for the offense of storehouse breaking; the other four counts charged prior felony convictions ranging from 1964 to 1937.

Appellant, with advice of counsel, entered a plea of guilty to count one, the charge of storehouse breaking, and count four, charging a prior felony conviction, carrying a four year sentence. Upon this plea, he was sentenced to eight years in the penitentiary.

On this petition for relief under RCr 11.42, he contends that his 1967 sentence

is invalid because it should have been restricted to four years instead of eight. We do not believe that appellant's contention is well taken. His argument is that the 1955 sentence was only two years and not four years as charged in the indictment. With this we cannot agree. He was actually sentenced to four years on that conviction, therefore, under KRS 431.190 the 1967 sentence of eight years, which doubled the prior sentence, was proper. KRS 431.190 provides:

"Any person convicted a second time of felony shall be confined in the penitentiary not less than double the time of the sentence under the first conviction; if convicted a third time of felony, he shall be confined in the penitentiary during his life. * * *"

In construing the foregoing statute in Allen v. Commonwealth, 272 Ky. 533, 114 S.W.2d 757, we said:

"Such statutes as our section 1130 (now KRS 431.190) do not punish twice for the same offense. They simply recognize that the first conviction imposed upon the one so convicted a definite status, that of a 'convicted felon' and then provide that, when parties of that status are convicted of a second offense, the punishment may be increased, and in a like manner the punishment may be increased for third convictions because of the status imposed by the second conviction."

In Chenowith v. Commonwealth, 11 Ky. Law Rep. 561, 12 S.W. 585, we said:

"The increased punishment is not for the former offenses; but the previous convictions merely aggravate the last offense, and add to its punishment."

This position was again reiterated and affirmed in Wingo v. Ringo, Ky., 408 S.W. 2d 469. What appellant actually received in 1955 as shown by the records was a four-year sentence for the carrying of a con-

cealed, deadly weapon and even though this sentence was doubled two years of it being for a previous conviction the form of the verdict and the sentence was merely in accord with Chenwith v. Commonwealth, supra. So, while in form all punishment on the 1955 conviction was half for the old felony and half for the new, under our cases, it is to be construed as all for the new offense enhanced by the old.

The judgment is affirmed.

All concur.